MILBURN, USE &c. v. WALKER AND WIFE.

Where the defendants in error moved to dismiss on the ground that there was no indorsement on the transcript, of the day on which it was demanded and on which it was delivered, and nothing to show that it was demanded by or delivered to either party to the cause, the motion was overruled.

It is not necessary to draw legal inferences nor to state legal propositions, in the petition; it is sufficient to allege distinctly the facts which constitute the plaintiffs' cause of action.

Where the wife had separate property, negroes, and there was no common property, and the husband was insolvent and unable to support his family, and the husband purchased goods, wares and merchandize, which were necessary for the wife, children and negroes, and afterwards, before the expiration of two years, gave his note for the same, reciting that it was given for the goods, wares and merchandize furnished his "wife, family and negroes;" *Held,* That the separate property of the wife was liable for the payment of the debt; and that too, notwithstanding that more than two years had elapsed from the date of the account, or delivery of the articles, before the commencement of the suit.

The law confers on the husband the right of managing the wife's separate property, during the marriage; the purchase of supplies, in behalf of such property, and the incurring of expenses incident to its proper care, management and preservation, are acts legitimately within the scope of his powers, and appertain to the duties of his trust; and the liquidation of demands for necessaries, by notes of hand, on the usual terms, and for legal rates of interest, in cases where this becomes necessary, or is advantageous to the estate, is an act within the purview of

his rightful powers, and raises a just charge against the property ; and where the husband, who has no separate property—and there is none belonging to the community—being entrusted, by law, with the management of the separate estate of the wife, and in the receipt of its rents, issues and profits, proceeds to purchase necessaries for his wife and family, such purchase is made with direct reference to reimbursement out of the separate property of the wife ; that forms the only fund from which the family can be supported ; the husband is the legal manager of that fund, and it must be liable for his contracts, whether they be verbal or written, when made in the judicious management of the property, and for articles necessary to the comfort and support of its legitimate beneficiaries.

The wife is a necessary party to a suit to subject her separate property to a claim for necessaries.

The powers of the husband, as conferred, in this State, by law, over the separate property of the wife, are similar, in some respects, to those vested in the husband, under the rules of equity jurisprudence, when permitted and authorized by his wife, to receive the rents, issues and profits of estates limited to her sole and separate use.

The liability of the wife's separate property, for necessaries and expenses, under the 4th and 5th Sections of the Act of 1848, better defining the marital rights of persons, (Hart. Dig. Art. 2423, 2424,) is confined to cases where the necessaries are purchased or the expenses incurred by the wife in person, or by special or implied authority from her ; it does not extend to cases in which the husband purchases the necessaries, and incurs the expenses, under the authority, given to him by the statute, to manage the wife's separate property ; and therefore the creditor, in the latter class of cases, is not entitled to demand relief in the mode provided by the said 4th and 5th Sections, but may be compelled to accept relief in such form as will be least injurious to the wife's estate.

The Act respecting marital rights has no effect to limit the powers of the wife or give special authority to the husband, with reference to the debts and contracts contemplated by the 4th Section ; the capacity of the wife to make such contracts, is presumed by the provision giving her authority ; she is supposed to be capable of judging what articles are necessary for herself and children, and what expenses should be incurred for the benefit of her separate property ; and for these she is authorized to make contracts. Yet it seems that it must appear to the satisfaction of the Court and jury, that the claim is for such necessaries or expenses, and that they were reasonable and proper in the particular case.

As this suit is not brought under the (4th Section of the) statute, the Court is under no obligation to render the judgment prescribed by the (5th Section of the) statute ; charges against the separate estate of the wife, should, as a general rule, be defrayed out of its rents, issues and profits; and the *corpus* of the property should not be sacrificed, unless in a case of necessity ; and, in all cases where the suit is not brought under the (4th Section of the) statute, and where it appears from the evidence, that the husband is improvident, intemperate or will probably misapply the proceeds of his wife's property, the necessary orders should be made, to prevent this application, and to have the debt satisfied in the manner most advantageous to the separate estate.

*Quere ?* Whether the Court intended to distinguish, in this case, between the liability of the separate property of the wife, under the 4th and 5th Sections of the statute, for necessaries for the " wife and children," and its liability, under the

general authority of the husband, for necessaries for the "wife and family," where the husband is insolvent, &c.

In a suit to charge the separate property of the wife, for necessaries purchased and expenses incurred by the husband, under his general authority to manage the wife's separate property, it must be established by the evidence of competent and intelligent witnesses, and not by the character of the items alone, or the admissions of the husband, that the articles were necessary to the family, and for the benefit of the property, and reasonable and proper, with reference to the condition of the family and property.

The husband cannot, by virtue of his general authority to manage the wife's separate property, under any circumstances, revive, against that separate property, a claim which has been barred by the statute of limitations; nor can he, by virtue of that general authority, stipulate for more interest than eight per cent. per annum.

Where an insolvent husband of a wife who has a separate estate, purchases on credit necessaries for the wife and family, and afterwards gives his note for them, in a suit to charge the separate property of the wife, it must be proved, *aliunde* the note, if necessary to rely on the note to avoid the statute of limitations, that the note was actually given for the articles so previously purchased.

Error from Wharton. There was no indorsement on the transcript, that it was demanded by or delivered to either party; and for that cause the defendants in error moved to dismiss. The motion was overruled, without opinion in writing.

The plaintiffs, B. & W. Milburn, (suing for R. & D. G. Mills,) represent, that the defendants, Wm. L. Walker and Elizabeth, his wife, are indebted to them in the sum of three hundred and four dollars and forty-five cents, with interest thereon, at the rate of ten per cent. per annum, from the first day of January, 1852, for goods, wares and merchandize, furnished for the use and benefit of the said Elizabeth, her family and negroes; a bill of the articles, with the date of the delivery of the respective items, being annexed as a part of the petition; that at the time when the said articles were furnished, the said Wm. L. Walker was, and is now wholly insolvent and unable to support his wife and family; and that the said Elizabeth has a large number of children, and is the owner of — negroes; that the goods, &c., were necessaries for the said Elizabeth, her children and negroes; and that the said William, acknowledged in writing the justice of petitioners' de-

mand, and, for his wife, promised to pay the same; the writing being also annexed as a part of the petition. After some further allegations, the petitioners pray for citation and judgment against both defendants, and execution against the property of the said Elizabeth. The bill of particulars, referred to in the petition and annexed, is not commenced in the usual form of stating accounts, in which, one party is represented as creditor and the other debtor, but with a statement of their being articles furnished in 1850, and payable 1st January, 1851. The whole account, for the years 1850 and 1851, amounts to something more than three hundred and sixty dollars, being at least sixty dollars more than the amount claimed in the petition; and the instrument by which, it is alleged Wm. Walker acknowledged the justice of the demand, and, for his wife, promised payment of the same, is to the following effect, viz:

"WHARTON, March 8th, 1852.

"One day after date, I promise to pay to B. & W. Mil-"burn, or order, the sum of three hundred and four dollars "and forty-five cents, for goods, wares and merchandize fur-"nished my wife, family and negroes, without defalcation, "with interest thereon, at the rate of ten per cent. per an-"num, from the 1st of January, 1852.

("Signed,)                    WM. L. WALKER."

The petition was filed 16th of September, 1852.

The defendants demur and assign various causes of exception; one of which is, that the cause of action is barred by limitation. They also plead limitation specially, and a general denial of the allegations of the petition; and they also aver other facts which require no notice, as no proof was introduced, and no question was made in relation to them.

The only evidence, adduced on the trial, was the testimony of R. E. Davis, who proved that the defendant, Wm. L. Walker is, and was in the years 1850 and 1851, utterly insolvent; that he was in the habit of purchasing all supplies for his wife, her family and slaves; and that the wife was not in

the habit of making any purchases. The witness further stated that Walker was of improvident habits, and addicted to intemperance; and he thought that if he had a fair swing, he would waste an estate; and that he did not know of any special authority, given by the wife to her husband, to purchase for her.

The Court sustained the demurrer, so far as the account was barred by the statute of limitations; and in its charge instructed the jury, that the action was brought on an open account and that they must exclude all articles bearing date more than two years previous to the commencement of suit, from their consideration; and, among other matters, it was also charged, that where suit was brought against husband and wife, to charge her individual estate, for necessaries furnished her, for the use of herself and family, it is incumbent upon the plaintiff to prove that the articles were sold and furnished as alleged; that the husband is insolvent, or that there is no community property; and that the articles furnished were necessaries for the wife or her family.

The plaintiffs requested the Court to instruct the jury, that they might judge from the character of the items, whether the articles were necessaries suitable to the condition of Mrs. Walker and her family; and if satisfied that the husband acted as agent of his wife, his admissions were sufficient to prove the justness of the account, and that they were necessaries for the wife, &c. Both of which instructions were refused. The Court, at the instance of the plaintiff, also charged the jury, in substance, that if they were satisfied the husband had authority to purchase, and did purchase the articles for the benefit of her family, her servants and herself, such purchase would bind her separate estate, and that the authority of the husband might be inferred from his habitually acting for the wife, in making such purchases.

At the request of the defendant, the Court also charged that the note, made part of the petition, is no evidence of the account, unless it be connected with the account by evidence, so

that it shows that the note relates to that account. The jury found for the plaintiffs, eighty-nine dollars and fifty-seven cents, for which judgment was entered against defendants and execution ordered to issue against the separate property of the said Elizabeth.

The cause has been brought up by writ of error and the plaintiffs assign

1st. That the Court erred in sustaining the demurrer of the defendants, to the plaintiffs' petition.

2nd. In refusing the charges asked by the plaintiffs.

3rd. In the several charges given by the Court to the jury.

4th. The judgment is for too small an amount.

*G. Quinan*, for plaintiffs in error. I. The demurrer ought to have been overruled. The petition disclosed a good cause of action against the defendant William, to which the two years bar did not apply. It prayed for judgment against him and for general relief. The petition set out fully the facts of the case, disclosing the whole case to the consideration of the Court, and praying such relief as ought to be granted. The note, made by Walker, is specially made part of the petition. The action is in part founded upon it, and it is difficult to conceive how a disclosure of the meritorious consideration for which it was given, can have the effect of waiving a right of recovery upon it. (Deal v. Taylor, 8 Tex. R. 267; Carter & Hunt v. Wallace, 2 Id. 206; Williams v. McNeil, 5 Id. 381.)

II. The petition disclosed a valid subsisting cause of action against both defendants, to which the two years limitation did not apply. The writing, signed by Wm. Walker, took the case out of the operation of the two years prescription; it was no longer an open account. It was liquidated by his written acknowledgment. (See Williams v. McNeil, above cited.)

The only question is as to his authority, by that acknowledgment, to continue the liability of his wife's property, for necessary charges upon it, beyond the two years limitation. In the position in which the case is placed by the rulings of

the Judge, upon the demurrer, the original liability of the wife's property to discharge the plaintiffs' debt, is not in dispute: that is to be taken for granted. The contest is simply as to the continuance of that liability. For the allegations of the petition are certainly sufficient to justify the introduction of proof to fix her liability. The allegation of the husband's insolvency negatives the fact that there is community property ; and this, with the allegation that she has children and slaves and that the articles (the consideration of the note) were necessaries for them and herself, states the very case, in which, from the necessity of the thing, her property must be liable for those necessaries. But the testimony which would have been introduced, was rejected solely upon the ground of the limitation.

Now, the second Section of the Act of 1848, defining the marital rights of the parties, as well as the Act of 1840, prescribes that during the marriage, the husband shall have the sole management of the wife's property. If we are not at liberty to disregard or fritter away the force of this law, thus twice solemnly enacted, what are its legitimate effects. The husband can manage the wife's property, solely and only. He can hire it out, he can use it; he can appropriate the profits of it, to the comfort of the matrimonial partnership. It is his duty to preserve it; if it be real property, to keep in repair and from waste ; if it be slaves, to feed and clothe them, to furnish medicines and necessaries for their use. This is, in the strictest sense, the management of the property. If he neglect this, it is mismanagement. And does it not follow, that if this be his right and this his duty, he has the power to bind this property to such extent as may be necessary to enable him to exercise his right and to perform his duty. If it be otherwise, the law is defeated, for if expenditures are necessary for the preservation of the property, and the husband be poor, and have no right to render the property liable for those necessary expenditures, the result must be the loss or deterioration of the property committed to his sole management.

Milburn v. Walker.

If he have the right, then, to create a charge upon the property in the management of it, it is incident to this right, that he shall settle, liquidate and adjust those charges. If he have authority to procure clothing and necessaries, food and medicines, for the wife's slaves, surely he may obtain them upon time and trust. If he can only obtain an extension of the period of payment, by a written acknowledgment of the receipt of the necessaries, surely he may use this management to prevent the immediate sale and perhaps sacrifice of the wife's estate, in discharge of the liability. Or must our laws, so regardful of the rights of women, so tender of their interests, be so interpreted, that to her alone no creditor can extend indulgence?

III. Again; if, in the management of the wife's property, we consider the authority, conferred by the statute upon the husband, as that of a mere agent, it is well settled law that "an acknowledgment made by an agent, in respect to de- "mands relating to concerns within the scope of his authority, "is binding upon his principal." (Angell on Lim. 287.)

IV. But it may be said, that to take this case out of the operation of the two years limitation, it is necessary to show the acknowledgment of the wife in writing. Upon the authority of Cavenagh v. Brown, 1 Tex. R. 481, we may well doubt the power of the wife so to bind herself or estate. And we answer that such an act, on the part of the wife, in this case, would be an interference in the management of those concerns which, by the statute, are confided exclusively to the husband.

V. It will no doubt be insisted, that to recognize the authority of the husband, for which I contend, would open the door too widely for the introduction of fraud and imposition. To this I answer, that the question is, Does the law recognize this authority? Besides, the objection is not tenable. I do not contend that the husband has the right to acknowledge a debt against the wife's property, which is completely barred by limitation; nor at all, except it be for necessary expenses. And the Court has full authority to look into the fairness of

the transaction.  It is with this view that the petition discloses the whole transaction, setting out the consideration of the writing, and showing the necessaries furnished.  The Court can fully protect the rights of the wife.

*W. Field*, for defendants in error.  The motion to dismiss this writ of error should be sustained, because the transcript wants the indorsements required by the statute.  (Hart. Dig. Art. 792; Harris v. Williams, 4 Tex. R. 339; Moore v. Janes, 4 Tex. R. 340.)

The only question, in the case, we conceive, is, Did the Court err in its ruling relative to the statute of limitations? and if so, is that sufficient to reverse the judgment and remand the case?

The first question is, whether the old debt or the husband's individual note is the foundation of the action.  The whole petition shows that the open account was the foundation of the action.  The note was only signed by one of the parties, the husband and then expressly for himself, and was so received by the payees.  The petition admits the note was only made a part of the petition to show that the husband for himself "acknowledged the justice of the claim."  There was no acknowledgment by the wife whatever, and if the plaintiffs had sued on the note, they would certainly have given it in evidence.

The action being upon the open account for goods, wares and merchandize, and Articles 2379 and 2381 fixing the period of limitation of two years on the same, the defendants, and especially the wife, was entitled to the benefit of the plea.

Article 2388 reads " That when an action may appear to be " barred by a law of limitation, no acknowledgment of the jus- " tice of the claim, made subsequent to the time it became due, " shall be admitted in evidence to take the case out of the " operation of the law, unless such acknowledgment be in " writing and signed by the party to be charged thereby."

Now who was the party to be charged?  Elizabeth Walker,

42

the wife. The petition alleges that the husband was insolvent, that the articles were for her use, that the plaintiffs wanted satisfaction out of her separate property, &c. Yet she "never " signed an acknowledgment in writing to take the case out of " the operation of the law of limitation." She was, then, certainly entitled to the benefit of the two years limitation, unless the husband giving his individual note, and admitting that it was for goods, wares and merchandize furnished his wife, family and negroes, can avail and take the case out of the operation of the law, as to her. The question here, then, is, Can the admissions of the husband be received, to the prejudice of the rights of the wife, and especially to waive the statute of limitations ? His admissions cannot be received in any case to prejudice the rights of the wife. (McKay and Wife v. Treadwell, 8 Tex. R. 176, and the authorities therein quoted.)

And again ; if by signing a writing for himself, he could make admissions generally in prejudice of the rights of the wife, he could not do it in this instance, because the " writing must be signed by the party to be charged thereby." Hence his admission is of no validity.

If he could make admissions whereby he could bind the wife, our laws to protect the wife must be void and of no effect.

Again ; the note was given long after the pretended items are alleged to have been furnished. Suppose he was her agent to purchase supplies. The admission was not a part of the act, nor *res gestæ*, and hence not legally binding on her, even had he signed her name to the note which he did not.

And further ; if the subsequent promise was relied on to take the case out of the statute of limitations, it should have been made the foundation of the action. (Coles v. Kelsey, 2 Tex. R. 541.)

Again ; the account and the note did not correspond, one was for much less than the other.

If it should be urged that the Court was too hasty in its ruling in this behalf, yet that would not be a valid ground to

reverse the judgment, because the answers over contained special pleas of limitation and the final result would have been the same and hence the plaintiffs are not injured. "Where no right of the party was ultimately affected by the rulings of the Court respecting the pleadings, those rulings cannot be made a ground for reversing the judgment." (Hardy v. De Leon, 5 Tex. R. 211; Christmas v. Smith, 10 Tex. R. 123.) It will be noticed by the Court, that the note was not in evidence, and that the account sued on was not in evidence, and that the statement of facts amounts to nothing.

HEMPHILL, CH. J. The difficulty, under the first assignment, is, to determine whether the action is brought solely upon the open account, or whether the note of the husband is not also relied on, as fixing his liability and also that of the wife, the consideration for the note being necessaries for the wife, her children and her negroes. The Court below was of opinion that the action was brought upon the open account alone; and consequently the demurrer, setting up specially the statute of limitation of two years, and barring, as it did, the largest portion of the account, was sustained. The view, taken by the District Court, is that which, on first inspection, most obviously presents itself; but, upon a more careful examination of the pleadings, it will appear that the written promise in the note of the husband, is relied upon as obligatory upon the parties defendant, and as entitling the plaintiffs to recovery.

The petition, after setting forth that the articles were necessaries for the wife, her children and her property, avers that the husband, in writing, acknowledged the justice of the demand, and promised payment on behalf of the wife. There is no averment, that by such promise he or his wife became liable; but that was not necessary. If the promise, under the facts forming its consideration, created a liability, and was such as would subject the separate estate of the wife, to its payment, there was no indispensible necessity to aver such lia-

bility. That was a conclusion of law—the legal result of the facts as stated; and its averment was not essential to support the action.

The articles being necessary for the wife, her family and property, create a liability as against the wife. The written promise fixes the liability of the husband, and the main question is, whether this promise in writing, by the husband, involves the wife and her property, in any liability beyond that imposed by the nature itself of the consideration for which the note was given. And we are of opinion, that upon the facts alleged in the petition, the note of the husband was binding upon the wife, so far as, by action, to subject her property to its payment, and so far as the note, in its terms, was in accordance with the authority vested in the husband by law, as manager of the separate property of the wife.

The law confers on the husband this right of management. The purchase of supplies, on behalf of such property, and the incurring of expenses incident to its proper care, management and preservation, are acts legitimately within the scope of his powers, and appertain to the duties of his trust; and the liquidation of demands for necessaries, by notes of hand, on the usual terms, and for legal rates of interest, in case where this becomes necessary, or is advantageous to the estate, is an act within the purview of his rightful powers, and raises a just charge against the property. And when the husband, who has no separate property—and there is none belonging to the community—being intrusted, by law, with the management of the separate estate of the wife, and in the receipt of its rents, issues and profits, proceeds to purchase necessaries for his wife and family, such purchase is made with direct reference to reimbursement out of the separate property of the wife. That forms the only fund from which the family can be supported. The husband is the legal manager of that fund; and it must be liable for his contracts, whether they be verbal or written, when made in the judicious management of the property, and for articles necessary to the comfort and support

of its legitimate beneficiaries. But the wife is the owner of the property; and, for the protection of her interests, becomes a necessary party to suits on such contracts. She is the real party defendant. The liability of the husband is only nominal. The contracts were made by him in the exercise of his agency; and, if made for the legitimate purposes of his trust, they bind the property, and consequently and in effect, the wife, who is its owner. The fact, that the contract has been reduced to writing, constitutes of itself, no ground for its repudiation by the wife. This will frequently be necessary; and, in the case under consideration, it may have been a ground of indulgence for some months. Nor does the fact, that the written acknowledgment prolongs the term of limitation, impair its force, as against the wife. This is incidental to the assumption by the contract, of a written form, and, as before stated, this frequently becomes necessary or expedient.

The powers of the husband, as conferred, in this State, by law, over the separate property of the wife, are similar, in some respects, to those vested in the husband, under the rules of equity jurisprudence, when permitted and authorized by his wife, to receive the rents, issues and profits of estates limited to her sole and separate use. The estate becomes liable, on his contracts, for supplies purchased for its use and that of the family; and whether the contracts be open accounts or in writing, is immaterial, provided they are for the necessary use and support of either family or property. And I am not aware of any case, in which the fact that the contract was in writing, was relied upon as impairing or defeating its obligation.

In recurring to the allegations of the petition, to ascertain their legal effect, and with reference to the rights, powers and liabilities of the parties, as prescribed by law, and as stated in this opinion, we find it averred that the goods, &c., furnished, were necessaries for the wife, her children and negroes; that the husband was insolvent; and these averments state facts which raise a liability, as against the property of the wife. We then find it alleged, that the husband, in writing, acknow-

ledged the justice of the demand, and, on behalf of the wife, promised payment; and this, being an act legitimately within the scope of his general power, as legal agent and manager, was binding upon the property; and when suit was brought on such contract, the wife, as owner of the property, became a necessary party; and the contract being in writing, the limitation of two years was inapplicable, and there was error in sustaining this defence, as set up specially by demurrer.

Much of the difficulty, in determining whether the plaintiffs relied on the promise in the note of hand, might have been avoided, had the plaintiffs more distinctly averred such promise, as the principal foundation of their cause of action.—The execution of the note should have been set out in the first place. Its consideration should then have been shown, and that the articles were purchased by the husband, either under the general authority conferred on him by law; or if the suit was brought upon the statute, under special authority, either express or implied, from the wife.

The allegations of the petition, so far as they show, that the articles were necessaries, and that the husband was insolvent, are full and perspicuous; the defect is, in not expressing the authority of the husband to act in the premises, and leaving that to be inferred, by implication, from the law, and in not showing, more unequivocally, that they intended to rely upon the written, as well as the verbal contract.

And here we may remark, that this action, in its allegations and especially with reference to the written contract, cannot be supported under the 4th Section of the Act, regulating marital rights, of 1848. (Art. 2423, Dig.) The authority to sue husband and wife, under that Section, is only for debts contracted by the wife or for expenses incurred by her. The debts must not only be for necessaries furnished the wife and children, and for expenses incurred for the benefit of her separate property. They must not only be reasonable and proper, but they must be contracted or incurred by the wife herself; and this must be so alleged, in a suit brought to subject

her property to the payment of such debts. If the husband has acted in making the purchases, it might be averred to have been done by her authority.

Where these or equivalent averments are not clearly made, the suit, if sustainable at all, must be supported on principles of equity jurisprudence, and not under the provisions of the statute. The acts of the husband, if he be the agent, must rely, for their support, upon the powers vested in him by law, and not upon any special authority, from the wife. It cannot be said that the husband's authority under the law, will constitute him the agent of the wife, in the contracts contemplated by the 4th Section of the statute. These are to be made by herself. It is so expressed in the statute, and in language not susceptible of misconstruction ; and if not made by herself, they must be under her special or implied authority.

This is not the place to comment on that provision of law, which confers on the husband the sole management of the separate property of the wife. In all countries where the wife has separate property, and especially under the laws of Spain, Louisiana and the principles of equity jurisprudence, it is supposed that the wife, if she have separate property, has capacity to manage it for herself. If it be not limited to her separate use, or if it be contributed to support the expenses of the matrimony, the husband, as a general rule, has it under his control, and employs it to defray the charges of the matrimony. But our statute, with a single comprehensive proviso or exception, sweeps all such property, and in all cases, under the management of the husband. Now, without questioning, in this place, how far that may comport with the constitutional grant of separate property to the wife, it is sufficient to say that such provision has no effect, to limit the powers of the wife, or give special authority to the husband, with reference to the debts and contracts contemplated by the 4th Section of the Act.

The capacity of the wife to make such contracts, is presumed

by the provision giving her authority. She is supposed to be capable of judging what articles are necessary for herself and children, and what expenses should be incurred for the benefit of her separate property; and for these she is authorized to make contracts. The powers of the husband and of the wife, as arising under the different Sections of the statute, are distinct and not to be confounded together.

As this suit is not brought under the statute, the Court is under no obligation to render the judgment prescribed by the statute. Charges against the separate estate of the wife, should, as a general rule, be defrayed out of its rents, issues and profits; and the *corpus* of the property should not be sacrificed, unless in a case of necessity. And in all cases where the suit is not brought under the statute, and where it appears from the evidence, that the husband is improvident, intemperate, or will probably misapply the proceeds of the wife's property, the necessary orders should be made, to prevent this misapplication, and to have the debt satisfied in the manner most advantageous to the separate estate.

If all the evidence is embraced in the statement of facts, then the verdict is rendered without, and is totally unsupported by evidence. There is not a title of evidence to show that the articles were ever sold or delivered to the husband or wife, that they were necessary to the family or property of the wife, and that they were reasonable and proper supplies or expenses. All this must be established, and by satisfactory proof, before judgment can go against the property or its proceeds.

When this case comes on for trial, the Court is directed to reduce the note by the amount which was barred by the statute at the time of its execution, and also to reduce interest to the legal rate of eight per cent., to commence at the time the note was given. The husband transcended his authority, in attempting to revive demands that were barred, and in contracting for interest exceeding the legal rate.

There was no error in refusing the first and second instructions asked by the plaintiffs.

Milburn v. Walker.

It is true, that from the character of the items, the jury might be aided in arriving at a conclusion as to whether the articles furnished should be classed in the list of family neces- saries, and reasonable and proper expenses or not; but this is only one of the circumstances which must be established, in order to determine whether they were necessary to the family and for the benefit of the property, and reasonable and pro- per with reference to the condition of the family and property. These facts must be established by the evidence of competent and intelligent witnesses, and not by the character of the items alone; or the admissions of the husband, as sought by the sec- ond instruction, for these must be wholly rejected. The credi- tor who looks to the separate property for payment, must judge, at his peril, whether the supplies he furnishes be necessaries or not; and this he must be prepared to prove, when he de- mands judgment against the estate.

Nor was there any error in the instruction, sought by de- fendant, that the note is no evidence of the account, unless connected with it by evidence, so as to show that the note re- lated to the account. This was unquestionably true, as an abstract proposition; but it had no bearing on the case as presented to the jury. The Court had charged that the action was brought on the account; the note was not offered in evi- dence and it formed no part of the case.

The judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.