### JOHN S. BOOTH v. WESLEY D. COTTON AND WIFE.

The defendant, after the plaintiff has closed his testimony, may demur to it. The plaintiff should join in the demurrer. To this he may be compelled, where the evidence is in writing; but where the evidence is oral, it is a condition of the joinder in demurrer by the plaintiff, that the defendant admits not only the facts directly proved, but every material fact which the testimony legally conduces to prove.

The assent of the husband is unnecessary to enable the wife to charge her separate property with debts contracted by her for her support or for the benefit of her separate property.

Where it is sought to subject the separate property of the wife, to a debt contracted by her for the benefit of her separate property, her husband should be joined, and the actual facts should be alleged; it is not proper in such a case, to charge the husband and wife jointly, as in a common count for work and labor, or goods sold, &c.

Where a suit is brought against husband and wife, charging them both with contracts for the wife's support or for the benefit of her separate property, and a contract by the wife alone, under such circumstances as make it binding on her separate property, is proved, the parts of the petition which charge a contract by the husband may be treated as surplusage, and the plaintiff may recover against the wife, as if the husband had only been nominally joined.

See this case for circumstances under which it was held that a jury would be authorized to find that a debt, contracted by the wife, was necessary and proper for the benefit of her separate property.

Appeal from Liberty. This is a suit against husband and wife, for three hundred dollars, alleged to be due for the collecting, keeping, managing and preserving the separate property of the wife.

The petition is in the common form of a count for work and labor, &c., stating the liability of defendants for the services as being rendered at their special instance and request, and that being so liable they promised, &c.

There were but two witnesses. One of them, Moss, proved that plaintiff had gone from Liberty to Tyler county on the business of Elizabeth Cotton; that the amount charged was very reasonable; that plaintiff moved said Elizabeth Cotton's property from Tyler to Liberty county; that after the removal

of the property from Tyler to Liberty, the defendants removed to and resided in Liberty county.

W. B. Holt, the other witness, stated that plaintiff had gone four or five times from Liberty to Tyler county on business of the said Elizabeth Cotton; that the plaintiff had done business for her by attending to the settlement of her accounts in Tyler, and aiding her to remove her property to Liberty county; that three hundred dollars was a very reasonable charge for the services done by plaintiff. The witness was well acquainted with the business of the said Elizabeth, from the fact that she was in the act of separating from her husband, and was in the habit of consulting with witness, who lived in the neighborhood. The witness thought that the plaintiff ran the risk of being killed by Cotton (the husband) for his agency in removing the property.

The plaintiff having concluded his evidence, the defendants, and each of them, demurred to it as being insufficient to entitle the plaintiff to recover from either the husband or wife jointly or separately. The demurrer was sustained, and judgment being for defendants, plaintiff appealed, and assigns,

1st. That the Court erred in overruling plaintiff's motion for a new trial.

2nd. In refusing to submit the cause to the jury, when the defendants demurred to the evidence.

3rd. In rendering judgment for defendants, when it should have been for plaintiff.

*W. C. Abbott*, for appellant.   I. In order to compel a party to join in a demurrer to evidence, it is necessary for the party demurring to admit all the facts that the testimony conduces to prove. (2 Stephen's N. P. p. 1792, and authorities there cited; 2 Tidd's Practice p. 865, and authorities; Pawling *et al.* v. United States, 2 U. S. Cond. R. 92; Young *et al.* v. Black, 3 U. S. Cond. R. 23; U. S. Bank v. Smith, 6 Cond. 256; Fowle v. C. C. Alexandria, 6 Cond. 328; Thornton v. Bank of Washington, 3 Peters, 36; Chenoweth *et al.* v. Haskel *et al.*, 3 Peters, 92.)

II. The reason of the District Judge for giving judgmen for the defendants, was, that there was no testimony or direct testimony of the consent of the husband, to the *assumpsit* of the wife. By an examination of the statement of facts, it will be seen that it was proven that the services were more valuable than the amount charged; that it was for the benefit of the wife's separate property: if these were proven it would certatnly conduce to prove the consent of the husband; it would certainly raise a presumption of consent, and would warrant a jury in finding for the plaintiff. In addition, it was also proven that the husband adopted the acts of the plaintiff, availed himself of the value of the plaintiff's labor, from which the law would also raise a presumption of consent, and upon which a jury would be warranted in finding a verdict for plaintiff.

*C. L. Cleveland*, for appellee. First. There could be no recovery against the husband, because there was no promise, express or implied on his part. The facts exclude all idea of his consent to the interference of Booth with the property or business of himself or wife; while on the other hand, it is shown that Booth was regarded by him as a trespasser in so doing.

Secondly. There could be no liability on the part of the wife, because it does not appear from the facts, that the services charged for were for the benefit of her separate property. It does not appear that the husband was incapable of managing and controlling her property, or that he was wasting it—or attempting so to do—or in any manner abusing the trust which the law conferred upon him in regard to the management of her property. To authorize a recovery against the defendants, it was incumbent upon the plaintiff to have shown that a debt was incurred by the wife for the benefit of her separate property; and also that the debt so contracted, or expenses so incurred by the wife, were reasonable and proper. (Hart. Dig. Art. 2423, 2424.)

HEMPHILL, CH. J. The second ground, viz: the refusal of the Court to submit the cause to the jury, when the defendant demurred to evidence, was very properly abandoned in the argument. The right of a party to demur to the evidence offered by the adverse party, can scarcely be considered an open question in this State. (*Vide* Turner v. Sayre, 4 Tex. R. 28; Mitchell & Mitchell v. Wright, Id. 283.)

There was no joinder in demurrer by the plaintiff, at least none appears on the transcript. A correct practice requires that there should be joinder in demurrer. To this a party may be compelled where the evidence offered is in writing, for the facts which it proves are certain and cannot be varied; but where the evidence is by parol and of a loose and indeterminate character, and which may be urged with more or less effect to a jury, and especially where the evidence is circumstantial, and is meant to conduce to the proof of facts beyond the circumstances proved, a party is not obliged to join in demurrer and thus withdraw the case from the jury, unless the demurrant will admit every fact and conclusion which the evidence conduces to prove. The whole operation of conducting a demurrer to evidence, and of directing the admissions which the demurrant shall make, is under the control of the Court. (2 H. Black. 187; 11 Wheaton, 320, 321; 4 Yeates, 54; 2 Sergt. & Rawle, 186, 3 Id. 413–416.)

It is said that if a party joins in demurrer, neglecting to insist on these admissions, the Court will proceed and draw the same inferences from the evidence, which the jury might have drawn. (12 Wheaton, 383–389; 11 Id. 171, 179; 3 Johns. Cas. 159, 160; 3 Cranch, 219.)

Regarding this case, then, as if there had been joinder in demurrer, and every fact as proven which a jury could legally infer from the evidence, we will proceed to consider whether the facts are sufficient in law to entitle the plaintiff to judgment.

We are not informed by the record, of the grounds upon which the Court below gave judgment for the defendants. In

the brief of appellant, the reason for the judgment is said to be that there was no direct evidence of the assent of the husband to the *assumpsit* of the wife. If he intended by this, that the wife cannot, without the assent of the husband, bind herself for necessaries furnished herself or children, or for expenses incurred for the benefit of her separate property, the position is not supported by law.

In these particulars, at least, the rights of the wife are not at the assent or mercy of the husband. Whatever may be the union of persons by marriage, there is no such union of estates, as that the rights of the wife are incorporated with and lost in those of the husband. The *protestas maritalis* does not reach the property of the wife, nor extinguish her individuality as having a distinct estate.

One of the incidents of property is the power of disposition, and if no statute intervened, the wife, as the owner, might contract in relation to her property, and sue and be sued on her claims and engagements. Such power would be as indispensable to her as to other owners, for the benefit and protection of her property. But the law here, instead of leaving the property to the control of its owner, the wife, has entrusted it to the management of the husband. Without recurring to the cases and circumstances which may create an exception to this power, there is one distinctly marked by the statute, and that is the authority to the wife to contract debts and incur expenses for the support of herself and the benefit of her property. The power given to the wife precludes the idea or necessity of assent on the part of the husband. It may be a very just principle, that the husband should either assent expressly or by implication, when his own property is to be affected; but the reason for such assent fails when the act of the wife is to affect not his but her separate property. There is no reason why such assent should be asked or required, when the act is necessary or proper for the benefit of the wife or her individual estate. In fact the necessity for the wife to assume her original power would arise most frequently

from the faithlessness of the husband in the discharge of his trust. In this case the husband and wife were in a state of estrangement, and the necessity of acting for herself and employing some other agent to take charge of her property is manifest. The assent or dissent of the husband is not a material circumstance in the case, and cannot affect the plaintiff's right to recover. If, however, the assent of the husband was placed by the Court below not on any general principle of its being necessary in all cases, but that in this case it must be proven because it had been alleged in the petition, then there is at least more plausibility in the position.

The common form of a count for work and labor, which was adopted in this case, is not appropriate in a case where the plaintiff seeks to recover on a liability against the separate estate of the wife. The facts ought to be set forth with such distinctness as to give the Court and jury some idea of the extent or character of the property, and of the particulars of the services rendered, so that if supported by proof the jury might be able to form some reasonable estimate as to the propriety and necessity of the services or charges. The husband may be joined in the suit. This is authorized by the statute. (Art. 2423.) He is however but a nominal party, and should be introduced and treated as such, and he should not be charged as having made the contracts or incurred the liability sued on, where such charge is inconsistent with the facts. And when the suit is under the fourth Section of the Marital Right Act, (Article 2423,) it is brought on the contract of the wife; consequently the assent of the husband could not exist, or if it did it would be an immaterial fact in the case. It would be different where the suit was brought, not against the wife under this Section, but on some contract of the husband made by him in his *curatorial* capacity as manager of the separate property of the wife. But where a suit is brought against husband and wife, charging them both with contracts which, if established against the wife, would raise a liability on her separate estate, it seems that the allegations against the husband

may be treated as surplusage.  He may be joined as a party, but his acts, one way or the other, cannot affect the result. The gist of the action is the liability or engagement made by the wife.  If this be proven, the judgment prescribed by law must follow—a judgment which does not affect the husband but reaches only the separate property of the wife, or at most the common property, at the discretion of the plaintiff.  All such portions of the petition as charge a contract by the husband being treated as surplusage, not requiring any proof, we are to inquire whether the facts in evidence are sufficient to raise a liability against the wife.  The evidence shows that the husband could not have been acting with fidelity in the discharge of his trust; that his action, if any, must have been for his own benefit and adverse to that of the wife; that in this condition of things, plaintiff was employed, and at the hazard of his life, removed the property from one county to another; that he rendered services in the matters stated by the witnesses, for and on behalf of the wife and for the benefit of her separate estate, which were worth at least the sum charged by the plaintiff.  In fact these services, so far as rendered in the removal of the property, were afterwards adopted by both parties—they having removed to the county, after the transfer of the property there by the plaintiff.

We believe the charge for services to be supported by the evidence, and that the judgment of the Court below is erroneous.

It is therefore ordered that the judgment be reversed, and such judgment rendered as should have been pronounced.

Reversed and re-formed.