ANN PARKER ET AL.· V. J. D. WOOD.

Decided March 6, 1901.

**Married Woman—Liability of Separate Estate—Attorney's Fee.**

Where a husband and wife were jointly sued on the wife's subscription to·
a railway company, and the husband employed an attorney to defend the suit,
the wife's separate estate could not subsequently be charged by judgment in an
action brought by such attorney for his fee, in the absence of evidence that his
employment was contracted for by the wife, or by her authority.

Appeal from the County Court of Grayson. Tried below before the
Hon. H. L. Beaty.

*M. T. Jones,* for appellants.

NEILL, ASSOCIATE JUSTICE.—This suit was brought in the Justice
Court by J. D. Wood against Ann Parker and her husband, T. H.
Parker, to recover $141.25 alleged to be due for legal services rendered
by the appellee for the benefit of Ann's separate property. In the Justice
Court a judgment was rendered in Wood's favor, from which Mrs. Parker·
appealed to the County Court. Upon the trial there, which was without.
a jury, judgment was rendered in favor of appellee against Mrs. Parker,.
as a debt against her separate estate, the sureties on her appeal bond, and
T. H. Parker, for the sum of $147.50, together with a foreclosure of an.
attachment lien on certain real property. The judgment provides that
no execution shall issue against T. H. Parker after the attached property
is levied on and sold. From this judgment Mrs. Parker has alone ap-
pealed to this court.

It appears from the evidence that Ann Parker, while the wife of T.
H. Parker, signed a subscription list payable to the Cotton Belt Railroad
for $500; that one O. T. Lyons brought suit against her and her husband
on said subscription, procured an attachment and caused it to be levied

on land the separate property of Mrs. Parker; that her husband employed J. D. Wood, an attorney at law, to represent him and his wife in the defense of said suit; that the defense of the suit was for the purpose of protecting her separate property; that there was at the same time pending a suit styled O. T. Lyon v. McFarland, which was agreed on as a test case, it being the understanding that the case against the Parkers should abide the result of that case; to carry out this agreement T. H. Parker and his wife Ann both executed a bond in favor of O. T. Lyon, conditioned that Ann Parker should abide the action of the court in the McFarland case, and that if that case was adjudged against the defendant, she should pay the amount of her subscriptions; that the McFarland suit was defeated, and consequently Mrs. Parker did not have to pay anything. It does not appear from the evidence who represented the defendant in the McFarland suit. No authority is shown from the evidence to have been given by Mrs. Parker to her husband to employ appellee, or counsel to defend her in the suit brought by Lyon in which appellee represented her. Nor is there anything to show that she knew that Wood was representing her in that suit when she made the bond to Lyon obligating herself to abide the decision in the McFarland case.

The question is, can the judgment against Mrs. Parker, subjecting her separate estate to the debt, be upheld by these facts?

The wife may contract debts for the benefit of her separate property (Revised Statutes, article 2970), and when it shall appear upon the trial of a suit therefor to the satisfaction of the court and jury that she contracted such debt for that purpose, and that the debt so contracted was reasonable and proper, the court is required to decree that execution may be levied upon either the common property or the separate property of the wife, at the discretion of the plaintiff. Rev. Stats., art. 2971. The debt which will authorize such a decree must be contracted by the wife, or by her authority. Christian v. Smith, 10 Texas, 123; Milburn v. Walker, 11 Texas, 329; Magee v. White, 23 Texas, 180; Menard v. Schneider, 48 S. W. Rep., 761. The right conferred by law upon the husband to manage the wife's separate property does not limit the powers of the wife, nor give special authority to the husband with reference to the debts and contracts contemplated by Revised Statutes, article 2970. Milburn v. Walker, supra; Magee v. White, supra; Warren v. Smith, 44 Texas, 247; Owen v. Land Co., 32 S. W. Rep., 1059.

Though the debt sued for may have been for the benefit of Mrs. Parker's separate property, yet as there is no evidence tending to show that it was contracted by herself or her authority, the judgment against her, charging her separate estate therewith, can not be sustained. Therefore it is reversed, and judgment is here rendered in her favor.

*Reversed and rendered.*