C. VON CARLOWITZ, ADMINISTRATOR, v. ROSA BERNSTEIN.

Decided January 18, 1902.

1.—Quantum Meruit—Personal Services—Promise of Legacy.

Where services are rendered in expectation of remuneration by a legacy, and from the circumstances of the case it is manifest that it was understood by both parties that compensation should be made by will, and none is made, a recovery may be had for the reasonable value of the services.

2.—Same—Evidence Held Sufficient.

Evidence of a circumstantial nature considered and held to warrant the inference that certain services were rendered in the expectation of remuneration by legacy, induced by the declarations of the deceased.

3.—Wife's Contract for Necessaries—Liability.

In order to render the wife's estate liable on her contract for necessaries, it is not necessary to show that the husband was unable or refused to pay for them; nor does it affect the wife's liability that the services, rendered in waiting on her during sickness, necessarily inured in part to the husband's benefit.

4.—Assignment of Error—Insufficiency of Evidence.

An assignment asserting that a verdict or a finding should have been set aside because there was no evidence to support it, raises merely a question of law, and not the question of fact whether or not there was sufficient evidence to support the verdict or finding.

5.—Same—Complaint Against Verdict.

An assignment complaining of the verdict on a ground not called to the attention of the trial court in the motion for new trial will not be entertained.

Appeal from Tarrant.   Tried below before Hon. Mike E. Smith.

*R. W. Flournoy* and *C. Von Carlowitz,* for appellant.

*Carlock & Gillespie,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellant, the administrator of the estate of Minnie Nolan, deceased, was sued by appellee, Rosa Bernstein, a sister of Minnie Nolan, who claimed and recovered a judgment for $1500 as compensation for personal services rendered by her as housekeeper and nurse for Minnie Nolan, the wife of George Nolan, from 1894, or prior thereto, to the death of Minnie Nolan, in December, 1899.   This recovery was sought and had upon the ground that the services were rendered in pursuance of an agreement with George and Minnie Nolan that appellee should be compensated for her services by will, the services being treated as necessaries, for which a married woman may contract, furnished Minnie Nolan, who was an invalid during that period, and who finally lost her mind and died without making a will, but to whom George Nolan, who died a few months before she did, had willed whatever property he possessed.

The most difficult question submitted for our determination is raised by the fifth assignment of error, reading:   "The court erred in not setting aside the verdict of the jury for the reason that there is no evidence that Minnie Nolan ever offered to compensate the plaintiff for her service and that the plaintiff accepted such offer."

It will be observed that this assignment, as repeatedly held by our Supreme Court, raises only a question of law, that is, whether or not there was any evidence of an agreement to compensate appellee for her services, and not the question of fact whether or not there was sufficient evidence of such agreement.   With the scope of the inquiry thus limited, what evidence was there of an agreement that appellee should be compensated by will for her services?   True, there was no direct evidence of such agreement, but owing to the deaths of the Nolans and of the consequent disqualification of appellee as a witness to prove contracts between her and the deceased, such evidence was hardly to be expected. There were, however, circumstances tending to prove the agreement. Both George and Minnie Nolan repeatedly stated, in substance, and sometimes in the presence of appellee, that she had to do everything for them, that Minnie Nolan could not do without her, and that everything they had was to go to her at their death.   The service rendered was such as equitably entitled appellee to remuneration, but none was given. The inference is not an unreasonable one from the testimony that the services were rendered in the expectation induced by the declarations of the deceased of remuneration by legacy, which we understand to be the test.

The rule on this subject is thus stated by Mr. Beach in his Modern Law of Contracts, section 650:   "If services are rendered in expectation

of remuneration by a legacy, and there is nothing in the conduct or language of the person benefited by the services to induce such an expectation, they are deemed voluntary and gratuitous. But where, from the circumstances of the case, it is manifest that it was understood by both parties that compensation should be made by will, and none is made, an action lies to recover what the services were reasonably worth."

For a further discussion of the rule, particularly in its bearing upon the question where services are rendered by members of a family, living in one household, to each other, see section 653 of Beach on Modern Law of Contracts. See also Hart v. Hart, 41 Mo., 441; Robinson v. Robinson, 28 N. Y., 494; Graham v. Graham, 34 Pa. St., 475; Guild v. Guild, 15 Pick., 130; Hudson v. Hudson, 13 S. E. Rep., 583, and Jonas v. Judey, 9 Grat. (Va.), 708, all cited by counsel for appellee, and particularly the Missouri and New York cases cited.

The proposition of the first assignment of error, the next submitted in the brief, is, that to render the wife liable on her contracts for necessaries it must be shown that the husband was unable or that he refused to supply them; but it seems to have been otherwise ruled in this State, where we have a statute giving the wife power to make such contracts. Hawkes v. Robertson, 40 S. W. Rep., 549, and cases there cited; Emerson v. Kneezell, 62 S. W. Rep., 561.

The verdict was objected to in the motion for new trial as being excessive because compensation was allowed for services rendered George as well as Minnie Nolan, and this contention is renewed in the fourth assignment of error; but it must be overruled, because in the very nature of this case it was impossible to render the required service to the latter without some benefit accruing to the former.

The remaining assignment submitted in the brief complains of the verdict upon a ground not brought to the attention of the trial court in the motion for new trial, and, according to a well settled rule of practice, could not therefore be entertained by this court.

The judgment is affirmed.

*Affirmed.*