**FALLIN et al. v. WILLIAMSON CADILLAC CO.**

No. 8619.

Court of Civil Appeals of Texas. San Antonio.

May 27, 1931.

Rehearing Denied July 8, 1931.

E. B. & Howell Ward, of Corpus Christi, for appellants.

John A. Mobley, of Corpus Christi, for appellee.

COBBS, J.

Appellee sued appellants for $588.40, an alleged balance due on the purchase price of a Cadillac automobile purchased by Mrs. R. E. Fallin, the wife of R. E. Fallin. It was alleged that the automobile was purchased by the wife as a necessity and was therefore binding upon her separate estate.

The trial court overruled appellants' exceptions and rendered judgment against defendants for $555.32 and $122.40 attorney's fees, interest, and costs.

The contention was that there was no testimony of an agreement to bind the separate estate of appellant Mrs. Fallin, or that the automobile purchased was a necessary. The court filed his findings of fact and conclusions of law, and concluded the wife was responsible and personally liable for the debt.

The contract here was signed by both appellants, but nowhere binds the separate estate of the wife. The automobile was sold to the wife, to whom appellee looked for payment, and did not look to the husband at all for payment. Her obligation to pay the same is valid, notwithstanding she may have or not signed the contract which of itself does not charge her separate estate, for her signature to the contract raises no legal presumption of liability. Harris v. Finberg, 46 Tex. 79; Mills v. Frost Nat. Bank (Tex. Civ. App.) 208 S. W. 698; Schenck v. Foster, etc., Co. (Tex. Civ. App.) 215 S. W. 877; Menard v. Schneider (Tex. Civ. App.) 48 S. W. 761; Long v. Crutchfield (Tex. Civ. App.) 295 S. W. 625, 627.

See Schenck v. Foster Bldg. & Realty Co. (Tex. Civ. App.) 215 S. W. 877, 880, in which case Judge Brooke states the rule, saying in part: "It has been held uniformly by all the courts of this state who have passed upon the question, that a note or other document executed by the wife, not joined by the husband, is a nullity."

This car was sold directly to the wife, and under the evidence she was compelled to purchase it for herself because the seller refused credit to the husband.

Though the proof does not clearly show that the wife ever said she would pay for the car out of her separate estate, that is appar-

ent from all the surrounding circumstances; from the contract itself; from statements made by the president of the plaintiff corporation that they sold the car to her and looked to her for payment. She executed the contract as purchaser, they having refused to sell to her husband.

The court was justified in finding from the evidence that the automobile was a necessity for the wife. That being the case, the wife was empowered to contract for necessities. Hollis v. Francois, 5 Tex. 195, 51 Am. Dec. 760; Milburn v. Walker, 11 Tex. 329; Booth v. Cotton, 13 Tex. 359; Magee v. White, 23 Tex. 180; Hild v. Hellmar (Tex. Civ. App.) 90 S. W. 44; Trammell v. Neiman-Marcus Co. (Tex. Civ. App.) 179 S. W. 271; Burleson v. Graves (Tex. Civ. App.) 255 S. W. 1013; Snyder-Bell Grocery Co. v. Hamilton (Tex. Civ. App.) 276 S. W. 752.

"The wife herself will be the judge of what are her necessities subject to the condition that it must appear to the satisfaction of the court and jury that they were reasonable and proper." Speer on Marital Rights, Third Ed. p. 234; Milbur v. Walker, 11 Tex. 329; Walling v. Hannig, 73 Tex. 580, 11 S. W. 547; Desmond v. Dockery (Tex. Civ. App.) 116 S. W. 114; McKee v. Popular Dry Goods Co. (Tex. Civ. App.) 240 S. W. 567.

The liability of the wife is personal, and does not depend upon the refusal or inability of the husband to supply her. Von Carlowitz v. Bernstein, 28 Tex. Civ. App. 8, 66 S. W. 464. The guide as to what are necessities is not a thing that is settled. What is a necessity for one family would be a luxury for another. The needs of the family with reference to social position, wealth, surrounding circumstances, etc., are the determining factors. It has been held that an automobile for the use of the wife is a necessity. Speer on Marital Rights (3d Ed.) p. 236; Guaranty State Bank v. Franklin Fire Ins. Co. (Tex. Civ. App.) 262 S. W. 769.

The judgment is reformed so as to support an execution directed against the community property of the husband and wife, as well as the separate estate of the wife, and, as reformed, will be affirmed.

On Motion for Rehearing.

PER CURIAM.

The judgment of the trial court will be modified so as to provide that execution may issue against the community property of both appellants, or the separate property of appellant Mrs. R. E. Fallin, at the discretion of appellee, and, as so modified, the judgment will be affirmed, in accordance with the original opinion.

With this modification, appellants' motion for rehearing is overruled.