### WHITE et ux. v. LUBBOCK SANITARIUM CO. et al.

### No. 3915.

Court of Civil Appeals of Texas. Amarillo.

Nov. 16, 1932.

Rehearing Denied Dec. 14, 1932.

W. C. Jackson, of Ft. Stockton, for appellants.

Alfred M. Scott, of Lubbock, for appellees.

### HALL, C. J.

The appellee company, domiciled in Lubbock county, filed this suit against White and wife in the county court of that county upon a written contract signed by the wife only, which recites that her address is Ft. Stockton, Tex., that she is a married woman, and was admitted as a patient in the sanitarium April 8, 1929, and was discharged May 20, 1929. The instrument upon which the suit is based contains the further recitals: "Financial arrangements to be made with husband," and further: "I agree to settle all bills pertaining to the above named patient in a satisfactory manner at Lubbock, Texas, before said patient leaves the sanitarium. I agree to pay ten per cent. interest on unpaid balance if any from date until paid and if this account is placed in the hands of a collector or an attorney for collection, I agree to pay a reasonable collection fee for same. I will settle the sanitarium and nurse fees. Check. And the doctors fee. Check. [Signed] Mrs. Annie White."

The appellants filed their plea of privilege to be sued in Pecos county, the county of their residence. This was controverted, and the record shows that the total bill for medical services, medicine, etc., was for $448. That several payments had been made, reducing it to $403, for which amount Mrs. White, on May 20, 1929, gave the appellee company her check on the First National Bank of Ft. Stockton.

The trial judge found that the account was for necessaries, and the courts so hold. 13 R. C. L. 1208, 1284; 30 C. J. 603, 610. The record discloses that she entered the sanitarium to be treated for a cancerous condition of her nose; that the services rendered were reasonable, and the evidence therefore sustains the finding of the court. While White and his wife resided at Ft. Stockton, the account being for necessaries for the wife, for which she in writing agreed to pay in Lubbock county, the suit was maintainable there under R. S. art. 1984, which provides that the husband and wife shall be jointly sued for all debts contracted by the wife for necessaries furnished herself, etc. R. S. art. 1995, subd. 5, provides that, if a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile. To this article of the statute the Fortieth Legislature, First Called Sess., p. 197, c. 72, § 2 (Vernon's Ann. Civ. St. art. 1995, subd. 29a), enacted this amendment: "29a. Whenever there are two or more defendants in any suit brought in any county

in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

These articles of the statute authorize the filing of the suit in Lubbock county, provided the sanitarium company was authorized to file the suit against Mrs. White in that county for necessaries upon her written promise to pay at Lubbock. It is held that both the husband and wife are personally, jointly, and severally liable for necessaries furnished under the provisions of R. S. art. 1984, supra, and article 4623. Euchey v. Adam Schaaf, Inc. (Tex. Civ. App.) 7 S.W.(2d) 168; Lee v. Hall Music Co., 119 Tex. 547, 35 S.W. (2d) 685; Fallin v. Williamson Cadillac Co. (Tex. Civ. App.) 40 S.W.(2d) 243; Whitney Hardware Co. v. McMahan, 111 Tex. 242, 231 S. W. 694.

We think the court correctly overruled the plea of privilege, and the judgment is affirmed.