## THAXTON et al. v. BAILEY–MOLINE HARDWARE CO.

### No. 12832.

Court of Civil Appeals of Texas. Fort Worth.

April 23, 1933.

Wren, Pearson & Jeffrey, of Fort Worth, for appellants.

Mathis & Caldwell, of Wichita Falls, for appellee.

LATTIMORE, Justice.

This was a suit by appellee, a wholesale hardware merchant, against appellants, retail hardware merchants, for the balance of an open account. The only material difference was over the charge therein for two eight-foot binders which the appellants claim they ordered but did not receive.

We have carefully read the entire statement of facts. No good purpose would be served by detailing the evidence. It is sufficient to support the verdict for plaintiff. The appellee's books, showing the items charged as sold to appellants, were admissible in evidence.

The binders were pleaded and testified to as having been delivered in April and May, 1928. The jury was asked:

"Special Issue No. 1: Do you find from a preponderance of the evidence that the defendants Thaxton Brothers purchased and received any binders from Bailey-Moline Hardware Company, sold as the property of Bailey-Moline Hardware Company, during the year 1928? Answer Yes or No.

"Answer: 'Yes.'

"Special Issue No. 2: Find from a preponderance of the evidence how many binders, if any, were so purchased and received by Thaxton Brothers from Bailey-Moline Hardware Company? Answer as you find the facts to be.

"Answer: Two (2)."

The record shows that the real contention made by appellants was that it received no binders from appellee in 1928. Hence the charge submitted the substantial issue as made by the testimony. The exact day or month of delivery was not at issue. No exceptions were taken to the charge on this or any other point. We believe the charge sufficient to found thereon the judgment rendered.

We have not attempted to ascertain whether the judgment was $1 too large or not. De minimis lex non curat.

The judgment is affirmed.