**C. J. DAGGETT et al., Appellants,**

v.

**NEIMAN–MARCUS COMPANY, Appellee.**

No. 13782.

Court of Civil Appeals of Texas.

Houston.

July 20, 1961.

Rehearing Denied Sept. 7, 1961.

Geo. D. Neal, Houston, for appellants.

Franklin R. Navarro and B. Rice Aston, Houston, for appellee.

WERLEIN, Justice.

Neiman-Marcus Company brought this suit upon sworn account and quantum meruit against appellants. Appellant, C. J. Daggett, duly filed a sworn denial of the account, and his former wife, Jewell Bonita Vann Daggett Lewis, hereinafter called Mrs. Daggett, pleaded her coverture at the time the merchandise was allegedly sold and delivered to her on September 23rd and 24th, 1958. Appellants were divorced January 13, 1960. In a trial before the court without a jury, appellee recovered judgment against appellants jointly and severally for $2,606.88, including accrued interest and attorney's fees.

Appellants do not specifically assign error on the part of the trial court in either of their two points, but an examination of their brief indicates that they are complaining of the court's judgment because of appellee's alleged failure to prove the sale and

delivery of each item of the account and its failure to show that the merchandise consisted of necessaries furnished Mrs. Daggett and that the indebtedness incurred therefor was reasonable and proper. The assignments as well as the argument in support thereof are to the effect that appellee failed to introduce any evidence or proof upon which the court could render judgment for appellee. Appellants do not assert that the implied findings and judgment of the court are not supported by sufficient evidence or that they are against the great weight and preponderance of the evidence.

■ In deciding whether there is any evidence of probative force in support of the court's judgment and implied findings of fact we may consider only that evidence, if any, which if viewed in the light most favorable to appellee, will support the judgment. " * * * it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature." Renfro Drug Co. v. Lewis, 1950, 149 Tex. 507, 235 S.W.2d 609, 613; Montgomery Ward & Co. v. Scharrenbeck, 1947, 146 Tex. 153, 204 S.W.2d 508; Biggers v. Continental Bus System, Inc., 1957, 157 Tex. 351, 303 S.W.2d 359.

■ We agree with appellants that when the defendant files a written denial under oath, stating that plaintiff's sworn account is not just or true, in whole or in part, as provided by Rule 185, Texas Rules of Civil Procedure, it is then incumbent upon the plaintiff to prove his account by legal and competent evidence. 1 Tex.Jur.2d, p. 329, § 82; J. E. Earnest & Co. v. Word, 1941, 137 Tex. 16, 152 S.W.2d 325; Davis Bumper to Bumper, Inc. v. Roberts, Tex.Civ. App.1959, 331 S.W.2d 762, writ ref., n. r. e.; H. G. Berning, Inc. v. Waggoner, Tex. Civ.App.1952, 247 S.W.2d 570.

In undertaking to prove the account, appellee called its credit manager, Mr. Marcus S. Sweeney, who testified that the items of merchandise set out in the itemized account were sold and delivered by appellee to appellant, Mrs. Daggett; that the company records showed they were actually sold and delivered to her; that some of the items were delivered to her and some were taken out by her, and that the statements were sent to the Tynewood address; that appellee made a systematic record of the items that were sold and delivered to Mrs. Daggett, and that such record was made at the time of each transaction; that the charges were made by appellee in the course of its business, and that the ledger card which was introduced in evidence to substantiate the account was the original bookkeeping entry; that the balance due appellee was $1,959.90 as reflected by such ledger card; that the prices charged for the items sold and delivered were reasonable prices and the items were reasonably worth the sums of money charged therefor; and that demand for payment had been made.

Mr. Sweeney also testified that he talked to Mr. Daggett some six days after the purchase made the basis of this suit, and told him that Neiman-Marcus had delivered certain items to his wife; that he did not know at that time how much the items cost; and that during such conversation Mr. Daggett did not question such purchases. Mr. Sweeney further testified that he contacted Mr. Daggett again on the telephone and that Mr. Daggett then stated he was unable to do anything about the account, but that if Neiman-Marcus would sit tight and wait until the property settlement between him and his wife was completed, the account could be taken care of. According to Mr. Sweeney, Mr. Daggett at no time objected to the charges involved in this suit, but he did say, however, that he would object to the delivery of a fur coat and a charge of approximately $5,000 therefor, and that he was very thankful that appellee had not delivered it.

Mr. Sweeney's testimony constitutes some evidence that the items in question were purchased by and delivered to Mrs. Daggett; that the reasonable value thereof was the amount sued for; and that such merchandise was sold in the regular course

of business by Neiman-Marcus. There is no testimony to the effect that the goods were not received by Mrs. Daggett. The testimony of Mr. Sweeney with respect to the records of the company, showing the sale and delivery of the merchandise in question, was not objected to as being secondary evidence. After taking Mr. Sweeney on voir dire, appellants called attention to what they termed a variance between the ledger card showing the account in the name of Mrs. C. J. Daggett (changed to Mr. C. J. Daggett) and the statement addressed to Mr. and Mrs. C. J. Daggett, but no objection was made to the admissibility of the ledger card on the ground that it was not proven to be an original record made in the regular course of appellee's business.

■■ We think there can be no question that the ledger card as an original record of entries made in the regular course of appellee's business was admissible in evidence as proof of the amount owed. Travis Life Insurance Company v. Rodriguez, Tex. Civ.App.1959, 326 S.W.2d 256, writ ref.; Thaxton et al. v. Bailey-Moline Hardware Co., Tex.Civ.App.1933, 61 S.W.2d 134; Article 3737e, Vernon's Ann.Tex.Civ.St. It is also beyond question that Mr. Sweeney's testimony as to the books of the company showing that the goods were delivered to Mrs. Daggett although hearsay, was admissible to establish such delivery in the absence of an objection that such testimony was secondary evidence. Christie v. Hudspeth County Conservation & Reclamation Dist. No. 1, Tex.Civ.App.1933, 64 S.W.2d 978, and authorities cited. See also Aetna Insurance Company v. Klein, Tex.Sup. 1959, 325 S.W.2d 376.

With respect to whether the items purchased by Mrs. Daggett were necessaries, it was shown that Mr. Daggett was a partner in Allied Chain Link Co., Allied Hot Dip Galvanizing Co. and Allied Foundry, owning 20% of the stock therein, and that such companies apparently had a net worth of $813,928 and made sales in the amount of almost $5,000,000.00 in 1959, and that Mr. Daggett made "pretty good," money and that both he and his wife spent it "pretty good," and that he bought a $63,000 home in November, 1958. Mr. Daggett testified that he did not knew how many clothes Mrs. Daggett had; that he never bought any clothes for her and did not know whether she had one suit or lots of suits, and did not know whether her clothes were old or new; that he left all purchasing of clothes to her, and that she had $1,200 per month to spend, tax free. There is evidence that a previous monthly account in the sum of $318 and other smaller accounts for goods purchased by Mrs. Daggett from appellee had been paid. From this an implied agency arose which warranted the extension of credit by appellee in the absence of notice by Mr. Daggett that he would not be responsible. There is no evidence that Mrs. Daggett had any separate estate with respect to which she could contract.

■ In order to determine whether goods purchased are necessaries, the condition and station in life of the parties should be considered. Ordinarily the wife is the judge as to whether goods bought by her are necessaries, subject to the condition that it must appear to the satisfaction of the court and jury that such articles are reasonable and proper. McKee v. Popular Dry Goods Co., Tex.Civ.App.1922, 240 S.W. 567. We think the evidence warrants the presumed findings of the court of implied agency and that the items purchased were necessaries and were reasonable and proper for persons in appellants' station in life. Ellis v. Emil Blum Co., Tex.Civ.App.1922, 242 S.W. 1099; Speer, Law of Marital Rights in Texas, 3d ed., § 178, p. 236. In the absence of findings of fact by the trial court, this Court must presume in favor of the judgment that the trial court found every fact which has basis in the evidence in such way as to support the result reached. Keith v. Allen, Tex.Civ.App.1941, 153 S.W. 2d 636; Culberson v. Hawkins, Tex.Civ. App. 1959, 321 S.W.2d 140.

The law is well settled that both the husband and wife are liable upon the wife's contracts for necessaries. Hawkes v. Robertson, Tex.Civ.App.1897, 40 S.W. 548, error ref.; White et ux. v. Lubbock Sanitarium Co., Tex.Civ.App.1932, 54 S.W.2d 1058, writ dism. The liability of the wife is personal and does not depend upon the refusal or inability of the husband to supply her and her children with necessaries: Von Carlowitz v. Bernstein, 1902, 28 Tex.Civ.App. 8, 66 S.W. 464; Speer, Law of Marital Rights in Texas, 3d ed., § 176, p. 234; Sommer v. Kramer, Tex.Civ.App.1934, 67 S.W.2d 1078; 23 Tex.Jur., Husband and wife, §§ 170–171 and 173.

Judgment affirmed.