TRAMMELL et al. v. NEIMAN-MARCUS CO.
(No. 7366.)

(Court of Civil Appeals of Texas. Dallas. June 19, 1915. Rehearing Denied Oct. 16, 1915.)

1. VENUE ⬦⟶22 — RESIDENCE — ACTIONS AGAINST HUSBAND AND WIFE.

Under Rev. St. 1911, art. 1840, providing that husband and wife shall be jointly sued for all debts contracted by the wife for necessaries furnished herself and children and for all expenses incurred by the wife for the benefit of her separate property, an action against a husband and his divorced wife for the value of alleged necessaries purchased by the wife during the marriage, in which plaintiff sought to make the wife liable individually, was properly brought in the county of the wife's residence, though the husband resided in a different county, as, she being no longer his wife, his domicile did not control as to her domicile, and she could be sued in the county of her residence.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 35–37; Dec. Dig. ⬦⟶22.]

2. HUSBAND AND WIFE ⬦⟶235—ACTIONS FOR VALUE OF NECESSARIES—INSTRUCTIONS.

In an action against a husband and his divorced wife for the value of alleged necessaries purchased by the wife during the marriage, the court submitted a question as to whether the goods purchased were, as between plaintiff and the wife, necessary wearing apparel, and charged that the wife had pleaded and testified that such wearing apparel was necessary and that accordingly the jury would answer this question "Yes." The court also submitted a question as to whether the goods were necessaries as between plaintiff and the husband. Held, that the instruction was erroneous, since, there being an issue as between plaintiff and the husband as to whether the goods were necessaries, the charge was calculated to and did unduly impress the jury that the goods were necessaries.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 589, 849–852, 982; Dec. Dig. ⬦⟶235.]

3. HUSBAND AND WIFE ⬦⟶235—ACTIONS FOR VALUE OF NECESSARIES—SUBMISSION OF ISSUES.

In an action against a husband for the value of alleged necessaries purchased by his wife, it was error to submit a question as to whether the goods were necessaries, taking into consideration the financial circumstances and station in life of the husband and wife at "and prior" to the time the goods were sold, where there was evidence that at the time of the sale the husband was to some extend indebted, and worth much less than he was some time prior thereto, since the test was his standing and financial ability at the very time of the purchase.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 589, 849–852, 982; Dec. Dig. ⬦⟶235.]

4. HUSBAND AND WIFE ⬦⟶235—ACTIONS FOR VALUE OF NECESSARIES — QUESTIONS FOR JURY.

Where, in an action against a husband for the value of alleged necessaries purchased by the wife, though he admitted that he was in plaintiff's store when the wife purchased some of the goods, he testified that he had notified plaintiff prior to that time not to charge to his account any purchases by the wife, and that he did not know that they were being so charged, and it was also shown that he had made her a sufficient allowance, the question whether he knew that the goods were being charged to him should have been submitted to the jury, plaintiff having pleaded an estoppel.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 589, 849–852, 982; Dec. Dig. ⬦⟶235.]

5. ESTOPPEL ⬦⟶54 — ELEMENTS—KNOWLEDGE —LIABILITY OF HUSBAND FOR NECESSARIES.

If the husband did not in fact know that the goods were being charged to him, he would not be estopped from defeating liability on that ground.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 128–135; Dec. Dig. ⬦⟶54.]

6. HUSBAND AND WIFE ⬦⟶19—LIABILITY OF WIFE FOR GOODS PURCHASED.

A wife, who in person purchased goods which were necessaries for her own use, was personally liable for their value.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 109, 121–138, 142, 146, 322; Dec. Dig. ⬦⟶19.]

7. EVIDENCE ⬦⟶248—ADMISSIONS OF DIVORCED WIFE—EFFECT AS AGAINST HUSBAND.

Though a husband is liable for actual necessaries furnished his wife during marriage, the pleadings and evidence of a divorced wife, in which she admitted that goods purchased by her during the marriage were necessaries, did not necessarily establish that fact as against the husband.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 953–964; Dec. Dig. ⬦⟶248.]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by the Neiman-Marcus Company against W. T. Trammell and another. Judgment for plaintiff, and defendants appeal. Affirmed in part, and reversed and remanded in part.

Cockrell, Gray & McBride, Henry P. Edwards, and George, Hancock & Hardwicke, all of Dallas, and Tarlton Morrow, of Hillsboro, for appellants. Thompson, Knight, Baker & Harris, Will C. Thompson, and J. Hart Willis, all of Dallas, for appellee.

RAINEY, C. J. Suit in the county court of Dallas county by appellee against W. T. Trammell and former wife, Fay Trammell, appellants, to recover $480.60 and interest, al-

leged to be for goods purchased by the said wife during their marriage. Special issues were submitted to a jury, and upon a return of their answers a judgment was entered for appellee, from which this appeal is taken.

[1] W. T. Trammell resides in Taylor county, Tex., and Fay Trammell resides in Dallas county, Tex. Appellee brought suit in the last-named county, alleging liability of W. T. Trammell and against Fay Trammell's separate estate, alleging the goods purchased were necessaries for the wife and being purchased during the marital relations. W. T. Trammell interposed a plea of privilege to be sued in the county of his residence. After filing said plea, the same was continued several times by agreement, and no action was taken thereon by the court; but when the cause was submitted to the jury W. T. Trammell asked the court to give the following charge, which was refused by the court, viz., in effect to return a verdict for Trammell on his plea of privilege to be sued in the county of his residence. The refusal to give said charge is assigned as error.

At the time suit was instituted W. T. Trammell and Fay Trammell were living apart, having been prior to that time divorced. The plaintiff sought to make Fay Trammell liable individually for the value of the goods purchased, and in such a case the statute (Rev. St. 1911, art. 1840) requires the husband and wife to be jointly sued. She being no longer his wife, the domicile of the husband did not control as to her domicile. She being a feme sole, she could be sued in the county of her residence, which was Dallas county, and the county court of said county had jurisdiction of W. T. Trammell in this suit, being joined therein by his former wife, of whom said court had jurisdiction. No error was committed by the court in refusing said special instruction.

[2] 2. W. T. Trammell complains of the instruction given to the jury in submitting the issues as follows:

"Question 1. As between plaintiff and Mrs. Fay Trammell, was the wearing apparel which was sold by Neiman-Marcus Company necessary wearing apparel for Mrs. Fay Trammell, taking into consideration the financial circumstances and station in life of W. T. Trammell and Mrs. Fay Trammell at and prior to the time when the merchandise was sold and delivered by plaintiff? (You are instructed that Mrs. Fay Trammell has pleaded in her answer, and has also testified in her deposition, read in evidence in this case, that such wearing apparel was necessary. Accordingly you will answer this question 'Yes.') Answer: Yes.

"Question 2. As between plaintiff and W. T. Trammell, was the wearing apparel which was sold by Neiman-Marcus Company necessary wearing apparel for Mrs. Fay Trammell, taking into consideration the financial circumstances and station in life of W. T. Trammell and Mrs. Fay Trammell at and prior to the time when the merchandise was sold and delivered by plaintiff? Answer: Yes."

The objection, in effect, was that the attention of the jury was called to Fay Trammell's plea admitting the goods were necessaries for herself, and to her testimony that such were necessaries, and misleading the jury in their finding on said issue as to W. T. Trammell.

We are inclined to think the court erred in the instruction complained of. It is true that, Fay Trammell having admitted by plea and testified that the goods were necessaries, she has no ground of complaint; but, it being an issue as between plaintiff and W. T. Trammell, we think the charge was calculated to and did unduly impress the jury that the goods were necessaries, and probably influenced a verdict against him.

[3] 3. W. T. Trammell also complains of the issue as submitted, in that the jury are told, in determining his liability, they would consider his financial ability and standing "at and *prior* to the time the goods were purchased." The test is his standing and financial ability at the time of said purchase, and the court erred in inserting the word "prior." There is some evidence tending to show that at the time the goods were purchased Trammell was to some extent indebted, and worth much less than he was some time prior thereto, which, if true, might not warrant the expenditure then made, when his affairs at some prior time might have done so; hence the court erred in not limiting his liability on the ground of necessaries to the very time of purchase.

[4, 5] 4. Trammell complains of the failure of the court to submit to the jury the issue whether or not he (Trammell) knew when he was in the store of plaintiff that the goods were being furnished to his wife and charged to him. Plaintiff pleaded estoppel as against said Trammell, and there was evidence tending to show that he was in the store with his wife when some of the goods were purchased, while he admits this, he testifies that he had notified plaintiff, prior to that time, not to charge to his account any purchases made by his wife, that he did not know that the purchases were being charged to his account, and it was also shown that he made her sufficient allowance for this purpose. These facts raised the issue, and it was for the jury to determine. If Trammell did not in fact know that the goods were being charged to him under the circumstances detailed by the evidence, he would not be estopped from defeating liability on that ground.

[6] 5. We will now consider the appeal of Fay Trammell. The question as to her is: Were the goods contracted for by her, and were they necessaries for herself? The evidence shows that she in person purchased the goods and had them charged. She admits in her pleadings that the goods were necessaries for her own use, and she testifies to the same effect. Having contracted for the goods in person, and she testifying they were necessaries for her own use, renders her personally liable for the value of the goods. Under the pleadings and evidence of Fay Trammell, there was no error in the

court in instructing the jury to find against her.

[7] While a husband is liable for the actual necessaries furnished the wife during the marriage, the pleadings and evidence of the divorced wife do not necessarily establish that fact as against Trammell. That being a controverted issue, and the court having erred, as we have indicated, the judgment will be reversed and remanded as to him, but affirmed as to Fay Trammell.

Reversed and remanded in part, and affirmed in part.