**CROSBY v. A. HARRIS & CO.　(No. 8536.)**

(Court of Civil Appeals of Texas. Dallas.
June 11, 1921. Rehearing Denied
Oct. 8, 1921.)

1. **Husband and wife ⬅⟶19(2)—Debts contracted by wife must be shown reasonable and proper.**

　While husband's common-law duty to support wife is coupled with liability for her necessaries suitable to his circumstances, yet the proof must not only show that the debts were for necessaries, but that they were reasonable and proper.

2. **Husband and wife ⬅⟶19(13)—Husband is liable for necessaries supplied wife, on doctrine of her implied agency.**

　Where husband fails to supply wife with such suitable necessaries as his ability will permit, she may, while cohabiting with him or upon his desertion, bind him by her contracts with third persons for such necessaries upon the doctrine of her implied agency.

3. **Husband and wife ⬅⟶232(3)—Evidence held not to show husband guilty of such neglect as would make him liable for wife's account.**

　In an action against a husband for merchandise furnished his wife while a divorce action was pending and the husband was paying

alimony, evidence *held* to show that the husband was not guilty of any such neglect or default in supplying suitable or proper necessaries as would render him liable.

**4. Husband and wife ⊂⇨19(7)—Husband not liable for necessaries sold on wife's personal credit.**

If one sells necessaries to a married woman, extending credit to her personally, or upon credit of her individual estate, the husband is not liable.

**5. Husband and wife ⊂⇨19(7)—Party cannot recover against husband for goods furnished wife after agreeing not to hold husband liable.**

When one supplying the wife with goods has agreed with the husband not to hold him liable, no recovery can afterward be had against the husband.

**6. Husband and wife ⊂⇨232(3)—Evidence held to show goods were sold on wife's sole credit.**

In an action against a husband on an account for goods furnished the wife, evidence *held* to show conclusively that the goods were sold on the wife's credit alone, so that plaintiff could not recover.

**7. Husband and wife ⊂⇨232(1)—Where separated, husband is presumed not liable, and burden is on party furnishing wife goods to show otherwise.**

Where husband and wife were separated, the presumption is that. the husband is not liable for the goods sold the wife, and the burden of proof is upon the tradesman to show that the separation has taken place under such circumstances *as will render the husband liable.*

**8. Divorce ⊂⇨249(2)—Wife's debt held not community debt within agreement on divorce that husband pay community debts.**

Where husband was not liable for a debt contracted by his wife, it was not a community debt within the meaning of an agreement between them on the day she secured judgment for divorce, that all the property listed in his pleadings in the divorce suit as community property should be decreed as his property, charged with all debts of the community estate.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit by A. Harris & Company against B. F. Crosby and wife. Judgment against the defendants individually and jointly for the amount sued for, and the defendant, B. F. Crosby, alone, excepted and appeals. Reversed and rendered for the appellant.

W. B. Hamilton, of Dallas, and M. B. Harrell, of Greenville, for appellant.

B. Q. Evans, of Greenville, for appellee.

TALBOT, J. The appellee, A. Harris & Co., sued the appellant, B. F. Crosby, and wife, to recover on an account for goods, wares, and merchandise sold and delivered to Mrs. Crosby during the period of time from February 26, 1918, to November 18, 1918, aggregating $904.34. The petition was

filed December 16, 1918, and alleges that Mrs. Crosby's residence was in Dallas county, but that the appellant, B. F. Crosby, was temporarily residing in Hunt county, Tex., that the purchase of the goods in controversy was made by Mrs. Crosby herself, and that all the articles in the account were necessaries for her and for the minor daughter of Mr. and Mrs. Crosby. The appellant filed plea of privilege, in compliance with the statute, to be sued in Hunt county, Tex., alleging that his residence was and had been, ever since the commencement of the suit, in that county. This plea was overruled, but all complaint of that action of the trial court has been withdrawn and abandoned in this court.

The appellant, in his answer to the merits of the case, alleged, in substance, that the purchases represented by the account sued upon were made by Mrs. Crosby without his knowledge or consent, and that he had never ratified or agreed to pay for same; that at the time the purchases were made Mrs. Crosby was living apart from him against his consent, but under an agreement she would not buy on a credit, and that he would, and he was, furnishing her and their child with all, reasonable and proper necessaries; that at the time of the purchases represented by plaintiff's account a divorce suit was pending in the district court of Dallas county, brought by Mrs. Crosby against appellant. That all of said account was purchased after said divorce suit was filed, except the sum of $324 purchased just before the divorce suit was filed, and that an adjustment of the controversy over alimony was made by an agreement filed in said cause, whereby appellant was to pay Mrs. Crosby $200 per month; that at the time Mrs. Crosby was purchasing the merchandise in controversy, except $324 worth, appellant was paying her the $200; agreed to as alimony in said divorce suit, and much more besides, and that the plaintiff had actual and constructive knowledge of all these facts; that as to the items in the account making up about $324 appellant was not liable, because he was providing his wife and child with necessaries; that she was living apart from him without his consent: had promised not to buy anything on credit, and said items were sold to his wife on her own credit, account and responsibility. The case was tried before the court without a jury, and the court gave plaintiff judgment against the appellant and Mrs. Crosby, individually and jointly, for the amount sued for, to which judgment appellant, B. F. Crosby, alone excepted, and perfected an appeal to this court.

The appellant contends that the court erred in rendering judgment against him: (1) Because the same was not authorized or warranted by the evidence, in that the account sued on was made, and the merchandise spec-

ified therein was purchased by the appellant's wife without his knowledge or consent, and same were not for reasonable and proper necessaries; (2) because the undisputed evidence shows that at the time the goods were purchased the appellant and his wife were living separate and apart, which fact was known to the appellee and its agents, and the appellant was furnishing his wife with money more than sufficient for her to purchase all reasonable and proper necessaries for herself and her only child; (3) because the undisputed evidence shows that at the time the goods were sold by the appellee to the appellant's wife she had sued appellant for divorce and prayed for alimony, and alimony had been agreed upon between the appellant and his wife in a sum sufficient to provide for them during the pendency of the divorce suit, and that the appellant had not made default in the payment of the sum so agreed upon, and that the appellee had both actual and constructive notice of said facts; (4) because the undisputed evidence shows that the appellee's agent, who advanced the credit to the appellant's wife for the goods specified in the account, sold same to the appellant's wife on her own faith and credit, charged the same to her, and agreed with appellant that such charge would not be made against him; and (5) because the uncontradicted evidence shows that at the time of the purchase of the merchandise in controversy the appellant was furnishing his wife, and had been furnishing her prior thereto, with an amount of money in excess of his monthly income, and that the appellee had knowledge of this fact at the time said merchandise was sold and said credit extended.

[1, 2] These contentions of the appellant are supported by the evidence, they are sound, and should, in the main, be sustained. While there is coupled with the husband's common-law duty to support the wife his liability for her necessaries suitable to his circumstances and condition in life, yet, under our statute, the proof must not only show that the debts contracted therefor were necessaries, but that they were reasonable and proper. If the husband fails in supplying the wife with such suitable necessaries as his ability will permit she may, while cohabiting with him, or upon his desertion of her, bind him by her contracts with third persons for such necessaries. Her right to pledge the husband's credit, when not supplied by him, is generally founded upon the doctrine of the wife's implied agency. 21 Cyc. p. 1216. His liability for necessaries furnished by other persons rests entirely on the ground of his neglect or default.

[3] A careful examination of all the testimony in this case has led us to the conclusion that the appellant has been guilty of no such neglect or default in the matter of supplying his wife with suitable and proper necessaries as renders him liable to the appellee for the account, or any part of it, sued on in this case. In reaching this conclusion we are not unmindful of the fact that the trial court, in rendering the judgment appealed from, necessarily reached a different conclusion under the facts and circumstances shown. But we are constrained to hold that the trial court's judgment is not supported by the evidence. From the undisputed evidence it appears that Mrs. Crosby filed suit against her husband, the appellant, for divorce, June 22, 1918, and that this suit resulted in a judgment in her favor December 6, 1918, and that for at least 10 months prior thereto, which covered the period of time during which the account sued on was made, the appellant had furnished to her upon an average of $462 per month in cash, and that she was paying out of said sum $125 per month for room and board for herself and minor daughter, leaving a balance of $340 for clothing and incidental expenses. It was also shown that the appellant's income from all sources during the year 1918 amounted to $332.75 per month, and that, besides his wife and minor daughter who lived with her, he had himself and another minor daughter, who was attending school, during said time to support. Thus it appears that the amount the appellant furnished to Mrs. Crosby and her daughter, as stated, exceeded the amount of monthly income received by him. The testimony also showed that the community property of the appellant and his wife aggregated in value about $50,000, and that the community debts aggregated about $70,000; that the appellant owned some land which was his separate property, and that during the year 1917, the year prior to the time the account sued on was made, appellant's income from all sources, including the revenue derived from the community property of himself and wife and his separate estate and his law practice, was $465 less than the expenses incurred in operating his various interests, and that by reason of which appellant was forced to borrow the money necessary to pay the current expenses of himself and family, so it was shown, and that too without contradiction, that the advances made to Mrs. Crosby and her daughter during the year 1918 exceeded the appellant's income, and to expect or demand that he do more towards the support of his wife and minor daughter living with her would be unreasonable, and expecting and demanding more than is required of him by law in the discharge of his duty to supply them with suitable necessaries. The necessaries contemplated do not include extravagant or unreasonable purchases, although the husband's liability is not limited to furnishing the bare means of subsistence, nor is the "finery" possessed by other women moving

234 S.W.—9

in the wife's social sphere a criterion as to what is a necessity. 21 Cyc. p. 1219. The effect of Mrs. Crosby's testimony, as we understand it, is that $150 a month was a reasonable amount for clothing for herself and child, and, as above indicated, that she was paying $125 a month for room and board, which would leave a balance, as above shown, of $340 for that purpose and incidental expenses. The testimony also showed without contradiction that during the summer of 1918 Mrs. Crosby deposited in a bank in Dallas something over $1,100, and that if she had paid for the goods purchased by her after her suit against the appellant for divorce was filed she would have had in bank $500. It is true Mrs. Crosby testified that she considered the goods she bought from the appellee necessaries, still, on cross-examination as pointed out by counsel for appellant, she testified, in effect, that she considered anything in the way of wearing apparel, although bought for future use and not needed at the time of the purchase, necessaries; that she understood that she would not get any property in the divorce suit against her husband, and that she wanted to take care of herself by buying things for future use, and that she had an opportunity to get them and did so; that she considered that if she could use them in the future, they would be necessaries; that she did not expect to get any money out of the divorce suit, and wanted to have the things on hand when she needed them. She further testified that she had an unpaid account at Neiman-Marcus of $225; at Titche-Goettinger & Co. of $337; at Wilkins Trunk Company of $113; and at Linz Bros. for about $700—aggregating $1,375, besides the account made with the appellee. The account sued on runs from February 26, 1918, to November 18, 1918, and at the time the divorce suit was filed $323.95 of the account had accrued. The remainder of the account, amounting to $605, was made after the divorce proceedings were instituted, during which time the appellant was paying to his wife $200 per month as alimony. It appears that Mrs. Crosby had applied in her suit for divorce for alimony, and that she and the appellant agreed on the amount of $200 per month for that purpose, Mrs. Crosby agreeing that that amount would take care of herself and her daughter, without any direction or order of the court to that effect, and that the appellee or its manager, Stern, had full knowledge thereof. After the $323.95 of the account mentioned had accrued, and before the making of the balance of said account, the appellee was advised that the appellant would not agree to pay the $323, and that, notwithstanding this and other information possessed by the appellee, they continued to sell Mrs. Crosby against the appellant's wishes and over his protest until the account amounted in aggregate to $904.34, being the amount sued for herein. Shortly after Mrs. Crosby's suit for divorce was filed and before the purchase of the items of the account of date subsequent to the date of the items aggregating the $323.95, the appellant, at the instance of Mr. Stern, the appellee's manager and "credit man," called to see Mr. Stern and had a conversation with him in regard to the account, and in this conversation, among other things, which is not denied, Mr. Stern said, "I am selling Mrs. Crosby a few things," to which Mr. Crosby replied:

"You ought not to do that. She has got no means, and won't get anything out of the property. I am paying her $200 per month alimony, and that is plenty to cover her expenses."

Mr. Stern then said, in substance and effect, that he was extending the credit to Mrs. Crosby personally; that she was good and would pay it; that he was "selling the goods to her, and the account will not be presented to you at all; it is not your debt."

[4-6] Now the rule is that if one sells necessaries to a married woman and extends credit to her personally, or upon the credit of her individual estate, the husband will not be liable. Likewise, when one supplying the wife with goods has agreed with the husband not to hold him liable, no recovery can afterward be had against him. The evidence shows very conclusively that the $605 of the account above mentioned was sold, as we have pointed out, to Mrs. Crosby personally and on her credit alone, and with the expectation that she, and not the appellant, would pay the same. This being true, it follows that in no event can the appellant be held liable therefor. 21 Cyc. p. 7230; Gafford v. Dunham, 111 Ala. 551, 20 South. 346; Mitchell v. Treanor, 11 Ga. 324, 56 Am. Dec. 421; Dixon v. Hurvell, 8 C. & P. 717, 34 E. C. L. 980.

[7] It has been held that the mere fact that the wife is living apart from her husband is sufficient notice to tradesmen to institute inquiries, and that those who give credit to her do so at their peril; that under such circumstances no implied agency exists sufficient to bind the husband for purchases of necessaries by the wife. Indeed, in case of separation, the presumption is that the husband is not liable, and the burden of proof is on the tradesmen to show that the separation has taken place under such circumstances as will render the husband liable. 21 Cyc. p. 1223.

[8] If it should be conceded that there was sufficient evidence to support the finding of the district court that the account sued on was for necessaries, yet we are of the opinion that the record before us fails to disclose any substantial testimony showing that the goods specified therein were reasonable and proper in the sense required and

contemplated by law. The testimony, as we understand it, shows that the appellant made suitable provision for the support of his wife and the daughter living with her, that she had agreed not to run an account, and that he was spending upon her an average of $460 per month, exclusive of the appellee's account, during the time she purchased the items aggregating $323.95, and that said sum was more than his net income and beyond his financial ability. The agreement entered into between the appellant and his wife on the 6th day of December, 1918, to the effect that all the property listed in the pleadings of the appellant in the divorce suit as community property of the appellant and his wife should be decreed as the property of the appellant free and clear of all claims on the part of his wife, Mrs. Crosby, and that he should be vested with the title thereto charged with all debts of the community estate of the parties, does not, we think, obligate and bind the appellant to pay the debt sued on in this suit. The property to be vested in the appellant under that agreement was simply to be charged with community debts of the parties, and if the appellant is not liable for the debt contracted by Mrs. Crosby and involved in this suit, and we hold he is not, it was not a community debt, within the meaning of that agreement. It follows that in our opinion the judgment should be reversed, and judgment here rendered that the appellee take nothing by its suit against the appellant, and that appellant recover his costs; and it is so ordered. The judgment as to the defendant, Mrs. Crosby, she not having appealed, will not be disturbed.

Reversed and rendered.