## McKEE v. POPULAR DRY GOODS CO. et al.
### (No. 1287.)

(Court of Civil Appeals of Texas. El Paso. March 16, 1922. Rehearing Denied April 13, 1922.)

**1. Husband and wife ⊙⟝19(7)—Merely charging wife for necessaries on seller's book held not to relieve husband.**

The fact that, when wife purchased necessaries, credit was given to her on seller's books and nothing occurred further at the time to indicate an intention on the part of the wife or the seller that the seller was to look solely to her for payment, would not release the husband from liability for necessaries furnished the wife, for the fact that credit was extended to her and not to the husband will not relieve him from liability for necessaries, although it might render the wife liable also.

**2. Husband and wife ⊙⟝19(13)—Evidence that wife purchased similar goods at same time elsewhere held immaterial.**

In an action against a husband for necessaries furnished wife, evidence that concurrent with the purchase of the goods sued for and covering the same period of time the wife had purchased from another store goods of the same general character *held* immaterial.

**3. Husband and wife ⊙⟝23½—Husband held to have adopted wife's acts in purchasing goods by failure to offer to return them.**

Where a wife purchased goods while living with her husband, and he had knowledge of such purchase and did not return, or offer to return, the goods until long afterward, *held* that he had adopted her acts and rendered himself liable.

**4. Husband and wife ⊙⟝19(11)—Wife must be the judge of articles necessary, subject to review by the court, and is liable therefor.**

On the issue whether goods sold were necessaries for the wife, she must be the judge of what articles are necessary, reasonable, and proper for herself, subject to the court's determination from the surrounding circumstances, and evidence showing that the goods were sold to the wife in person, that they were necessaries for her own use, renders her personally liable, but does not necessarily relieve the husband from liability either to the seller or to the wife in the event she should be required to pay the seller.

**5. Appeal and error ⊙⟝747(1)—Cross-assignment by party not appealing is of no avail in absence of fundamental error.**

A cross-assignment of error by a defendant not appealing, made on another defendant's appeal, is unavailing, in the absence of fundamental error.

Appeal from El Paso County Court at Law; J. M. Deaver, Judge.

Suit by the Popular Dry Goods Company against W. A. McKee and another. Judgment for the plaintiff and the defendant named appeals. Affirmed.

U. S. Goen, of El Paso, for appellant.
A. H. Goldstein, A. W. Norcop, and Winter, McBroom & Scott, all of El Paso, for appellees.

WALTHALL, J. The Popular Dry Goods Company brought this suit against Mrs. C. C. Bukey, formerly Mrs. W. A. McKee, and W. A. McKee, alleging that at the several times shown in the itemized and verified account attached to and made a part of the petition, it sold and delivered to Mrs. C. C. Bukey, at her special instance and request, the items of merchandise appearing in the account, and that she agreed to pay the amounts opposite said items, which amounts are the reasonable market value of said merchandise; that the items of goods sold were for necessaries for Mrs. C. C. Bukey; that by reason of the fact that at the time of such purchases by Mrs. C. C. Bukey, W. A. McKee was her husband, both she and he became liable. The items sued for aggregate $282.84.

---

For the purpose of this suit we will designate Mrs. C. C. Bukey, Mrs. W. A. McKee. She pleaded her coverture; general denial; that in purchasing said goods she acted only as the agent in law of her husband, W. A. McKee, whose duty it was to provide her with necessaries; denied her personal liability, and that of her separate property. By way of cross-action she asked that should it be adjudged that said goods were purchased by her, and that same were necessaries, reasonable and proper, then, if at all she was only liable as surety, and that she have judgment against W. A. McKee for such amount as she may be required to pay.

W. A. McKee pleaded general denial, and that prior to the purchase of the goods he and his wife had been living separate and apart, which fact was well known to plaintiff; that he did not authorize the purchase of the goods, had never ratified their purchase; did not know of their purchase until several months thereafter; that the credit for the purchase of the goods was extended solely to his codefendant, were charged to her individually, and that plaintiff so advised him; and that plaintiff did not expect him to pay for same. W. A. McKee further alleged that his codefendant was the owner in her own right of a separate estate, and had sufficient income therefrom to pay said account. The case was tried without a jury. Judgment was rendered in favor of the plaintiff against both defendants for the amount sued for. The judgment directed that plaintiff make the amount, first, out of the community property; second, out of the property of W. A. McKee; third, out of the separate property of Mrs. McKee; that in the event it was necessary to make said judgment out of the separate property of Mrs. McKee then she have judgment over against W. A. McKee for such sum as she may be required to pay.

The trial court made the following findings of fact: That defendants were husband and wife at the time of the purchase of the goods; that the goods were such as a woman occupying the station in life of the wife would ordinarily and customarily purchase; that the goods were purchased by the wife, and were charged to her in her name; that plaintiff extended credit solely to the wife, but that the husband knew that the wife, prior to the purchases, had an account at plaintiff's store; that the husband did not know of the purchase of the goods until after the goods were purchased, when he was advised by plaintiff at the wife's request, at which time the husband was advised by plaintiff that the credit was not extended to him, and that plaintiff did not expect him to pay said account; that prior to the purchase of some of the goods and subsequent to the purchase of some other of the goods the husband notified plaintiff in writing that he would not be responsible for any debts contracted by any one without he would expressly authorize it; that at the time of the separation of the husband and wife there was an agreement between them that they could no longer live together amicably as husband and wife; that each was to go his and her own way, and not thereafter disturb each other, and each was to have the sole management of his or her separate property, and have no further business dealings with the other. The court further stated in the judgment that he finds that defendants are indebted to plaintiff in the amount sued for; that the indebtedness was for necessaries furnished the wife, and that plaintiff looked solely to the wife for said account, and charged same to her; that defendants were husband and wife at all times when the articles sued for were purchased.

W. A. McKee prosecutes this appeal. He presents five propositions as grounds why judgment should not be rendered against him. The first is directed to the judgment rendered in favor of the Popular Dry Goods Company and against him, and is based on the finding of the court that the credit was extended solely to the wife, the account carried in her name, and that plaintiff advised him that plaintiff did not expect him to pay the account; second, error in excluding evidence offered that just prior to and concurrent with the purchase of the goods he had paid for similar goods purchased by the wife, as tending to show that he had provided his wife with all reasonable and proper necessaries; third, error in excluding evidence to the effect that the wife was the owner in her own right of valuable property, and had ample income, and was able to pay said account, as tending to show that, as to him, the goods purchased were not necessaries; fourth, that, under the finding of the court as to the agreement between the husband and wife that they could no longer live together amicably as husband and wife, that each should go his and her own way and not disturb each other, and each was to have the sole management of his and her separate property and have no further business dealings with the other, judgment should have been rendered in his favor as between him and his wife; fifth, error in rendering judgment in favor of the wife on her cross-action against him, for the reason that under the law the status as a wife was merged into that of her husband, and no authority exists in law for rendition of such judgment.

[1] It is the contention of appellant in his argument under his first proposition that where a tradesman sells necessaries to a married woman and extends the credit solely to her personally, the husband will not be liable. The sufficiency of the evidence

upon which the court based the finding that the credit was given solely to the wife is not involved in the proposition. While other propositions are presented to the exclusion of evidence on the issue of the goods being necessaries, reasonable and proper, we will, in disposing of the question presented in the first assignment, assume that the goods sold to the wife were necessaries, reasonable and proper.

In Crosby v. Harris & Co., 234 S. W. 127, the Dallas Court of Civil Appeals, speaking through Judge Talbot, said:

"Now the rule is that if one sells necessaries to a married woman and extends credit to her personally, or upon the credit of her individual estate, the husband will not be liable," referring to cases as so holding.

We think, however, as said by Judge Speer in his Law of Marital Rights in Texas, on page 205:

"It could only be under the most extraordinary circumstances that a purchase by her would not be binding upon him. By this is meant that she should do or say something that clearly indicated an intention on her part to be bound for their payment, and cause the seller to look to her for such."

As said by the court in Oliver v. Webb, 12 Ga. App. 216, 76 S. E. 1081, the wife must expressly assume the liability. The evidence in this case does not disclose that the wife did or said anything indicating that she personally assumed the liability, or requested that the credit be extended solely to her, or that her husband be released from liability for the goods purchased.

Mr. A. S. Jacobs, the credit man for appellee, testified:

"I don't recall any instructions from Mrs. Bukey as to how these bills should be charged. I never had any conversation with Mrs. Bukey about it at the time of their purchase. They were charged to Mrs. C. C. Bukey because they were bought by her; the account had been in her name for years. Those bills had always been paid, and the goods were bought by her and charged to her account. * * * I wouldn't say I didn't know through general information that she was Mr. McKee's wife; we didn't know it definitely; had never investigated it. The account was never changed. * * * Mrs. C. C. Bukey had carried an account for years with the Popular Dry Goods Company. It was carried in her own name and she paid the bills. At the time these goods were purchased, as far as I was concerned as credit man, it was of no consequence whose wife she was because we placed the account on our knowledge of her past ability. In other words, the credit was extended entirely to Mrs. Bukey, and it was a matter of no consequence to me whether the bills were sent to Mr. McKee or anybody else. We never released her from her obligation to pay the bills. As to our ever seeking to hold Mr. McKee liable for the bills, as far as the house was concerned, we didn't connect Mr. McKee with the transaction at all."

Mrs. McKee testified:

"My name is Mrs. W. A. McKee; I was formerly Mrs. C. C. Bukey. I still go by that name in a way, in a business way. * * * At the time the first of these things were purchased, and when all of them were purchased, I was the wife of Mr. McKee. I think we were living together during all the time these articles were purchased except the last article. It was in July, a year ago last July, I think, that Mr. McKee and I separated. Along about the middle of July he left me. I didn't leave or abandon him. He has not given me one penny in money since he left the house. Since our separation or at the time of our separation he did not provide me with any place where I could get goods on account. When he left he wrote some notes to people by which my credit was cut off, and left me no money on which to live. He didn't say to me, 'You can buy any goods at a certain place and have them charged to me.' Neither did he give me any money with which I could buy those things, nor for some time before. * * * As I say, those goods were purchased by me. I don't know that you could say that I instructed them to charge them to me. I had had an account so long at the Popular, and my credit was so good that I never thought much about it, and at one time things were charged to Mr. McKee, he had a bill there, his credit was as good as mine. When I carried that account along in that way I think the Popular knew—I don't know why they wouldn't know—I was Mrs. McKee. I made a notation on my checks. I signed them 'Carrie C. Bukey,' and in the corner of the check was a notation, 'In full of account of Mrs. W. A. McKee.' * * * I don't think there was any specific instruction to charge it to Mrs. C. C. Bukey, it was just one of those things that went along. * * * I expected Mr. McKee to pay my bills, he was willing to pay them, and was able to pay them, and that was all. I gave these bills or showed these bills to Mr. McKee many, many, many times. * * * I received these bills before the separation, and so did he, all of them but the last article; you see how old they are. He saw all but the trunk—I think I paid $50 on the trunk; it was $85."

Mrs. McKee owns a residence. She rents a part of it for $75 per month, and occupies the rest of the house as a home. She further testified:

"There was never any specific agreement between me and the Popular that I was to pay for the goods set out in this account. My expectation was that he would pay for them, and the Popular didn't indicate the contrary to me at any time until after the things were purchased."

We think the rule as announced in Crosby v. A. Harris & Co., supra, is subject to the qualification as indicated in the quotation above by Judge Speer, in his Law of Marital Rights. We mean to hold by the above simply that, where the evidence shows only that the wife purchased the goods and the credit was given to her on the books of the seller, and nothing occurred further at

the time to indicate an intention on the part of the wife or the seller of the goods that the seller was to look solely to the wife for payment, such facts would not be sufficient to release the husband from liability for necessaries furnished the wife. That the credit was extended to the wife, and not to the husband, will not, we think, relieve him from liability for necessaries. Its only effect would be a possible charging of the wife according to the facts,' not a release of the husband.

[2-4] We think the court was not in error in excluding the evidence as complained of in the second proposition. It seems to us that where, concurrent with the purchase of the goods sued for, and covering the same period of time, the wife had purchased from another store goods of the same general character as those sued for, evidence offered to show such facts solely would be subject to the objection that same was immaterial and had no bearing upon the facts in controversy. We think we need not consider the evidence offered solely on the idea that the goods purchased were for necessaries for the wife in determining the husband's liability. In Walling v. Hannig, 73 Tex. 580, 11 S. W. 547, Judge Stayton referred with approval to Waithman v. Wakefield, an English case, in which it was held that when a husband is living in the same house with his wife he is liable for goods which he permits her to receive there, on an implied promise to pay their value. But even when living apart, if he has any control over goods improvidently ordered by the wife so as to have it in his power to return them to the seller, and he does not do so, he adopts her acts and renders himself liable. Here the husband and wife were living together when most of the goods were purchased, and bills rendered, and the wife testified that she showed him the bills many times, and he made no offer to return the goods, and no question of his liability until long after the separation, and then only after the bill was sent to him at the request of his wife. But if the question of his liability is considered solely on the issue of the goods being necessaries for the wife, the wife herself must be the judge of what articles are necessary, reasonable, and proper for herself, but her judgment being subject to the condition that it must appear to the court trying a case involving the same question that the goods bought were necessary, reasonable, and proper, to be determined from all the surrounding circumstances. The evidence showing that the goods were sold to the wife in person, and that they were necessaries and for her own use, and much of them for supplying her house, her separate property, renders her personally liable for their value. But such would not necessarily relieve the husband from liability either to the seller or to the wife, in the event she should be required to pay the seller. Trammell v. Neiman-Marcus Co. (Tex. Civ. App.) 179 S. W. 271.

We think the third, fourth, and fifth propositions do not present reversible error.

[5] Mrs. W. A. McKee presents a cross-assignment of error complaining that judgment was rendered against her. She took no appeal from the judgment rendered, and the judgment rendered against her does not present fundamental error. We have stated above why, in our opinion, she was liable for the goods purchased. Palmer et al. v. Coghlan (Tex. Civ. App.) 55 S. W. 1122.

Finding no reversible error, the case is affirmed.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes