**FAIRBANKS et ux. v. AINSWORTH et al.**

No. 8970.

Court of Civil Appeals of Texas. San Antonio.

Jan. 18, 1933.

Rehearing Denied Feb. 15, 1933.

G. D. Fairbanks, of Brownsville, for appellants.

Ralph A. Dunkelberg, of Brownsville, for appellees.

FLY, Chief Justice.

This is a suit filed by appellees, J. W. Ainsworth and C. W. Colgin, against appellants, G. D. Fairbanks and his wife, Margaret McAllen Fairbanks, to recover on a certain promissory note of $1,197.94, executed by Mrs. Fairbanks for groceries purchased by her, and on an open account; said groceries being for herself and her children. Mrs. Fairbanks promised to pay the note out of her separate property. It was also sought to charge the community estate of the husband and wife. G. D. Fairbanks alleged that he had not abandoned his wife, but did not live with her and did not authorize the purchase of the groceries; that they were purchased by Mrs. Fairbanks and used in her household for herself and her children by a former husband and her relatives. The husband also alleged that she had sufficient separate property to secure payment of the amount due for the groceries. The court rendered judgment that appellees take nothing against G. D. Fairbanks or his separate estate, but rendered judgment against Mrs. Fairbanks for $1,386.55, holding her separate estate and the community property liable for the debt, and authorizing execution against said estates.

The first proposition is that credit has been extended to a married woman on a contract for payment out of her separate estate, and the community estate cannot be lawfully bound for debts made by her for herself and her children; said children not being those of her present husband. It is the general rule that the husband is liable for necessaries furnished the wife, but, where necessaries are sold to the wife on her own responsibility and in view of her separate estate, the husband will not be liable for the same. Crosby v. Harris (Tex. Civ. App.) 234 S. W. 127; Colonna v. Kruger (Tex. Civ. App.) 246 S. W. 707. The question as to whether the wife had bound herself to pay for the groceries out of her separate estate was one of fact, and the court found that she had so contracted. There was testimony to support the conclusion.

The credit was extended to Mrs. Fairbanks and her separate estate alone, and the groceries were shown to be necessaries for her and her children. We think the separate estate alone, of the wife, was liable for the debt, and that it was error to render a judgment binding the community estate.

The judgment will be so amended as to exclude the community estate from liability for the debt for the necessaries sold to the wife alone on her credit secured by her separate estate, and, as amended, the judgment will be affirmed.

### On Motion for Rehearing.

The testimony showed that appellees had been dealing with Mrs. Fairbanks for several years and looked to and received payment from her. The goods were sold to her on her own credit and not that of her husband. The husband was not looked to for payments; he never at any time paid any of her debts for twenty years or more. She paid them out of her own money. The necessaries were fur-

nished to her, and the community property was not contemplated in any of the transactions. For twenty years credit had been extended to Mrs. Fairbanks; the credit, of course, being based on her separate property and none in which the husband was interested. She had paid all former bills and on putting the last account in the shape of the promissory note the husband was not consulted, but the note was signed by the wife who had contracted the account. The evidence showed that the children furnished with necessaries were not the offspring of G. D. Fairbanks, but those of the wife by a former husband, and at least one a grandchild of Mrs. Fairbanks. It is a severe strain on the law for necessaries to include these various relatives of the wife in no way related to the husband, and the plea for necessaries would be much more appealing had they not been purchased by a wife not living with her husband but conducting her own affairs, independent of the husband, and for another man's children and grandchildren. She should pay for the groceries purchased by her out of her separate estate, upon which the credit was undoubtedly extended.

The motion for rehearing is overruled.